SMITH, CULVER, Associate Judge.
The Petitioner, Aaron Williams, was severely burned in the course of his employment, was hospitalized approximately nine months, and underwent extensive medical care, both at the hospital and at his home after his discharge. Respondents furnished hospital and medical care, paid petitioner 68 weeks for temporary total disability, and 227)4 weeks permanent partial disability, a total of 295)4 weeks compensation.
Upon the hearing of Petitioner’s claim for additional benefits, the Deputy Commissioner found, among other things, that Claimant was entitled to 54)4 weeks additional compensation for temporary total disability; that his wife was entitled to $5 per day, for 200 days, because of nursing services she rendered; that Petitioner was entitled to $2,000 for facial disfigurement. These allowances were ordered by the Deputy Commissioner, together with an attorney’s fee of $1,500.
Upon review by the Full Commission, an Order was entered disallowing th<^ additional 54)4 weeks compensation for temporary total disability and the award for nursing services. The Full Commission modified the award for facial disfigurement, *879 reducing it to 54(4 weeks compensation, and reduced the attorney’s fee to $500. Petitioner then brought his Writ of Certi-orari and asks this Court to re-instate the award of the Deputy Commissioner.
With reference to the question of 54i/2 weeks additional temporary total disability, we find the evidence to consist of the reports of three doctors, which reports were admitted in evidence before the Deputy, and which refer to maximum recovery and the percentage of permanent partial disability. The first report, that of the attending physician, discharged Petitioner as having reached maximum recovery on November 9, 1951, with a 50% permanent partial disability. The Carrier’s physician made an examination on January 29, 1952 and reported that Petitioner had reached maximum recovery with a permanent partial disability rating of 65%, including the cosmetic difficulties. A third examination was made by another doctor on August 1, 1956, who confirmed the 65% permanent total disability and stated that maximum recovery had been reached without attempting to state the date. The Carrier has paid compensation for 65% permanent partial disability, and has paid temporary total disability benefits until December 18, 1951. Under the evidence as related, we agree with the Full Commission that the Deputy’s Award in this respect is not supported by competent substantial evidence.
 As to the question of an award to Petitioner’s wife for nursing services, the Full Commission’s holding denying such an award appears to be correct. There is no evidence in the record that the employer or carrier had any notice of the necessity for such services, nor that Petitioner requested them. Petitioner points out in his brief that Sec. 440.13, F.S.A. provides for nursing services, even without a request, if the nature of the injury requiring it is within the knowledge of the employer, or his superintendent or foreman. In the present instance there is no evidence that the attending physician, or any physician, requested or recommended to the employer that nursing services be furnished. We do not believe that it is within the contemplation of the statute that a layman’s knowledge of the injury sustained by his employee charges the layman with knowledge that nursing services are, from the medical standpoint, required. We also consider the evidence in this case showing that Petitioner’s wife performed all of her usual household duties, including caring for their small child during the time Petitioner- makes claim for an award for nursing services. There is no evidence that the wife discontinued any regular employment in order to care for Petitioner.
The third question submitted to us is the correctness of the Commission’s action in reducing the award of $2,000 for facial disfigurement to 54(4 weeks compensation. This was done on the basis that the then existing statute placed a limit of 350 weeks on compensation in addition to medical benefits and funeral expenses. Sec. 440.20(13) Florida Statutes, 1949, F.S.A., in effect at the time of injury reads:
“(13) The total compensation payable under this chapter for disability and death shall in no event be payable for a period in excess of three hundred fifty weeks in addition to any benefits under Section 440.13 for medical services and treatment, and under Subsection (1) of Section 440.16 for funeral expenses.”
Since the Carrier paid 68 weeks temporary total and 2271/2 weeks permanent partial disability, only 54(4 weeks additional compensation could have been allowed, unless the 350 weeks limit did not apply to awards for facial disfigurement. Counsel for Petitioner urge that such is the case. We cannot agree with that theory. Section 440.-15 Florida Statutes, F.S.A., commences with this statement:
“Compensation for disability shall be paid to the employee, subject to the limits provided in subsection (2) of-S 440.12 as follows:”
*880 Thereafter follow numerous paragraphs and subparagraphs involving different types of disability. The provision for compensation for disfigurement is contained in sub-paragraph (3) (t) of Sec. 440.15. Obviously, therefore, disfigurement was treated by the Legislature as a disability. This is made even more evident by reason of the fact that subsection (3) (t) provides that any award for disfigurement shall only be considered in the light of its effect on the future earning capacity of the injured employee. Finally, it is to be noted that the limiting statute (Sec. 440.20(13), supra) contains two exceptions. Where a statute sets forth exceptions, no others may be implied to be intended. See Dobbs v. Sea Isle Hotel, Fla.1952, 56 So.2d 341.
We find no error in the order of the Florida Industrial Commission, dated July 15, 1957. Thé Petition for Writ of Cer-tiorari is denied.
KANNER, C. J., and ALLEN, J., con-, cur.