QUESTION: Does the Antinepotism Statute, s. 116.111, F.S., prohibit an appointing official from appointing or employing an applicant who is a relative when the applicant has passed a civil service examination and is on the civil service eligible list for appointment or employment?
SUMMARY: A "public official," as defined in s. 116.111(1)(b), F. S., may not appoint or employ a relative, as defined in s. 116.111(1)(c), to a position in the agency in which he or she is serving or over which he or she exercises jurisdiction or control, notwithstanding the fact that the relative has passed a civil service examination and is on the civil service eligible list for appointment or employment. Section 116.111(2)(a), F.S., prohibits a public official [as defined in s. 116.111(1)(b)] from appointing, employing, promoting, advancing, or advocating "for appointment, employment, promotion, or advancement, in or to a position in the agency in which he is serving or over which he exercises jurisdiction or control any individual who is a relative . . . ." "Relative" is defined in s. 116.111(1)(c). There is no statutory exception provided in the statute, other than for temporary employment in the event of emergencies resulting from natural disasters or similar unforeseen events. Section 116.111(4), F.S. Any other exceptions from the statutory requirements must be provided by the legislature. Where a statute sets forth exceptions, no others may be inferred. Dobbs v. Sea Isle Hotel, 56 So.2d 341 (Fla. 1952); Williams v. American Surety Company of New York, 99 So.2d 877 (Fla. 1958). Had the legislature intended to establish other exceptions it would have done so clearly and unequivocally. Dobbs, supra. It should be emphasized that it is the relationship between the employee and the appointing public official with which the Antinepotism Law is concerned. In AGO 070-15, my predecessor in office approved a civil service board member's participation in the board's approval of appointments and promotions made by an appointing official — even though some of the appointments made by the appointing official might be of relatives of the board member — based on the fact that the statutory duties of a member of the civil service board in question were not those of an appointing "public official" within the purview of the Antinepotism Law. Here, however, it appears that the appointing officer will be required to select his appointee from among a list of eligible candidates who have successfully passed the civil service examination and are otherwise qualified for the employment. These circumstances result in a situation in which an appointing officer could exercise favoritism in making an appointment — a result which the Antinepotism Law was designed to prevent by prohibiting the appointment of a relative. Thus, even though the qualifications of the relative have been established by a civil service examination or otherwise, the appointing officer may not select a relative, as defined by s. 116.111(1)(c), supra, for the position.