QUESTION: Is the retail sale or the use of the type of firework called "bottlerocket" prohibited by Ch. 791, F. S.?
SUMMARY: The forms or types of combustible firework devices called "bottlerockets," if made of any combustible composition or substance or prepared for the purpose of producing a visible or audible effect by combustion or explosion, are "fireworks" within the meaning of and for the purposes of Ch. 791, F. S., and may not lawfully be sold or offered for sale at retail, or used or exploded by any person, firm, or corporation, except as otherwise specifically authorized by Ch. 791. Your question is qualifiedly answered in the affirmative. I am advised, and for the purposes of this opinion assume, that the "bottlerocket" article or device about which you inquire is a form or type of firework which consists of a small skyrocket-type device attached to a slender stick of wood approximately 1 foot in length which, when ignited, rises into the air under force of its own combustion, emitting a trail of sparks. The practice of placing the stick into an empty soda bottle, thereby using the bottle as a launching platform, apparently accounts for the name, "bottlerocket." Section791.01(1), F. S., defining "fireworks" for the purposes of Ch. 791, supra, provides: The term "fireworks" shall mean and include any combustible or explosive composition, or any substance or combination of substances, or, except as hereinafter provided, any article prepared for the purpose of producing a visible or an audible effect by combustion, explosion, deflagration or detonation, and shall include blank cartridges and toy cannons in which explosives are used, the type of balloons which require fire underneath to propel the same, firecrackers, torpedoes, skyrockets, roman candles, daygo bombs, and any fireworks containing any explosives or flammable compound or any tablets or other device containing any explosive substance. (Emphasis supplied.) "Fireworks" has also been held to be a generic term, Caldwell v. Village of Island Park, 107 N.E.2d 441, 444 (C.A. N Y 1952), and therefore embraces a wide range of such articles and devices. It is also defined in Webster's Third New International Dictionary, p. 856, as "a device for producing a striking display (as of light, noise, or smoke) by the combustion of explosive or flammable compositions" and is further defined in 36A C.J.S. Fireworks, p. 487, as "contrivances of inflammable and explosive materials combined in various proportions for the purpose of producing in combustion beautiful or amusing scenic effects." The express mention of skyrockets in s. 791.01(1), F. S., "shall include . . . skyrockets," does not serve to exclude other combustible or explosive articles or devices from the statutory definition, for "include," as used therein is a term of enlargement, not of limitation, and conveys the idea that there are other items includable, though not enumerated therein, especially in light of the use of general, all-inclusive, terms and descriptions preceding the specific names and descriptions and the fact that the term "fireworks" appears to be a generic term. See Argosy Limited v. Hennigan, 404 F.2d 14 (5th Cir. 1968). Further, the language of the statute "shall mean and include any combustible or explosive composition, or any substance or combination of substances, or . . . any article prepared for the purpose of producing a visible or an audible effect" appears to exhaust the genus or enumeration of the series or kinds of "fireworks" and the following specific descriptions or terms do not in any way limit the preceding general or exhaustive terms; thus the doctrine of "ejusdem generis" has no application. See Ballard v. Cowart, 238 So.2d 484 (2 D.C.A. Fla., 1970); and Straughn v. Amoco Production, Inc., 309 So.2d 39, 42 (2 D.C.A. Fla., 1975), stating that when a subject is treated generally in a statute (e.g., fireworks, as combustible or explosive composition or article), it necessarily includes the specifics save those expressly excluded; also see, generally, 82 C.J.S. Statutes s. 332. Moreover, when a statute employs words or terms of general import or application (e.g., any combustible or explosive composition or substance, any article prepared for the purpose of producing visible or audible effect by combustion, or any fireworks containing any explosive or flammable compound), it must be considered that such general terms are used in the sense of and intended to have a meaning broad enough to embrace all kinds and forms of such activities or subjects to which the generality of such terms reasonably extends. See Florida Industrial Commission v. Growers Equipment Co., 12 So.2d 889 (Fla. 1943). The use by the Legislature of comprehensive terms, such as in s. 791.01(1), F. S., indicates an intent to include everything embraced within such terms. Florida State Racing Commission v. McLaughlin,102 So.2d 574, 576 (Fla. 1958). It must be presumed that the Legislature has a working knowledge of the English language, and when a statute is drafted in such a manner as to clearly convey its meaning and intent, the only proper function of a court is to effectuate that intent. See State v. Tunnicliffe, 124 So. 279 (Fla. 1929). As the exceptions enumerated in s. 791.01(2), supra, are specific rather than general in nature; as "bottlerockets," as hereinabove described and discussed, are not therein provided for, or excepted from the statutory definition in s. 791.01(1), F. S.; and as subsection (1) generally includes all fireworks, "except as hereinafter provided" (in subsection[2]), the rule expressio unius est exclusio alterius — the express mention of one thing is the exclusion of another — is applicable in this instance and works to exclude bottlerockets from that enumeration of exceptions from the operative force of Ch. 791, F. S. Dobbs v. Sea Isle Hotel, 56 So.2d 341 (Fla. 1952); Interlachen Lakes Estates v. Snyder, 304 So.2d 433 (Fla. 1974). Where a statute sets forth exceptions, no others may be implied to be intended. Williams v. American Surety Co. of New York, 99 So.2d 877 (2 D.C.A. Fla., 1958). In view of the definition of "fireworks" in s. 791.01(1), F. S., and as "bottlerockets," as hereinabove described, have not been expressly exempted from the operative force of Ch. 791, supra, by s. 791.01(2), I am of the opinion that such bottlerockets, if made of any combustible composition or substance or prepared for the purpose of producing a visible or audible effect by combustion or explosion, are fireworks within the meaning of and for the purposes of Ch. 791 and that such articles or devices may not lawfully be sold or offered for sale at retail or used or exploded by any person, firm, or corporation except as otherwise specifically authorized by Ch. 791. See ss. 791.02,791.05, and 791.06. As to sales at wholesale, see s. 791.04; cf. AGO 071-124. As to agricultural and fish hatchery use, see s.791.07; cf. AGO 071-124.