QUESTION:
As between the Secretary of the Department of Environmental Regulation and the Environmental Regulation Commission, who is vested with the authority to adopt regulations under Ch. 373, F. S., relating to the conservation, protection, management, and control of the waters of the state?
SUMMARY:
The Environmental Regulation Commission established by s. 4(7) of Ch. 75-22, Laws of Florida, is authorized to set standards and make rules relating to water quality. The Governor and Cabinet as the Land and Water Adjudicatory Commission possess the exclusive authority, notwithstanding the provisions of s. 373.026(7), F. S., to review policies, rules, regulations, and orders of the water management districts. The Department of Environmental Regulation and the water management districts created by s. 373.069, F. S. (1976 Supp.), have authority relating to water quantity; water use; and storage and conservation, protection, management and control of water resources of the state.
Section 11 of Ch. 75-22, Laws of Florida, transferred all powers, duties and functions of the Department of Natural Resources relating to water management as set forth in Ch. 373, F. S., and Ch. 74-114, Laws of Florida, to the Department of Environmental Regulation. See s. 20.261(7), F. S. Section 4(7) of Ch. 75-22
created an Environmental Regulation Commission as part of the Department of Environmental Regulation. See s. 20.261(3), F. S. Section 8 of Ch. 75-22 transferred the Department of Pollution Control to the Department of Environmental Regulation, except for those duties vested in the Governor and the Cabinet under s. 5 of Ch. 75-22, and except for certain duties and powers relating to open burning of certain lands transferred to the Department of Agriculture and Consumer Services. See s. 20.261(4), (12), F. S.See also ss. 403.031(1), 403.061(7), (11), (13), and (14), 403.1822(2) and 403.1823(1).
Section 6(1)(a) of Ch. 75-22, Laws of Florida, provides that the Environmental Regulation Commission shall exercise the exclusivestandard-setting authority of the department, except as provided in ss. 6(1)(b) and 11 of Ch. 75-22. See s. 403.804(1), F. S. Section 6(1)(b) of Ch. 75-22 deals with studies of proposedstandards (as well as standards existing on the effective date of Ch. 75-22), which set a stricter or more stringent standard than one set by federal agencies pursuant to federal law or regulation. Such standards as are provided for in s. 6(1)(b) of Ch. 75-22 are required to be submitted to the commission, which shall initially adopt the standards referred to in s. 6(1)(b), but final action thereon shall be by the Governor and the Cabinet, who may accept, reject, or modify the same or remand the standards for further proceedings. In effect, the commission and the Governor and Cabinet have concurrent authority with respect to adoption of those standards delineated in s. 6(1)(b) of Ch. 75-22, with final authority being vested in the Governor and Cabinet. See s.403.804, F. S.
Section 11 of Ch. 75-22, in pertinent part, transferred all powers, duties, and functions of the Department of Natural Resources relating to water management as set forth in Ch. 373, F. S., and Ch. 74-114, Laws of Florida, an act relating to water management districts and regional water supply authorities, to the Department of Environmental Regulation. However, such transfer shall not affect the existence of, or membership on, any water management district board, and notwithstanding the provisions of s. 373.076(7), the Governor and Cabinet sitting as the Land and Water Adjudicatory Commission have the exclusive power, by vote of four of the members thereof, to review and to rescind or modify and rule or order of a water management district to insure compliance with the provisions and purposes of Ch. 373, except those rules which involve only the internal management of the district.
In essential part, the provisions of s. 11 of Ch. 75-22 operate to remove and supersede the power theretofore vested in the Department of Natural Resources (before and upon the transfer of its powers to the Department of Environmental Regulation by s. 11, ch. 75-22) to review and to rescind or modify any rule or order of a water management district except for those involving only the internal management of the district, to insure compliance with the provisions and purposes of Ch. 373, F. S., and to vest such power solely in the Governor and Cabinet as the Land and Water Adjudicatory Commission. See s. 373.114. As to such rules or orders of the several water management districts, neither the Environmental Regulation Commission nor the head of the Department of Environmental Regulation is vested with any authority to review or to rescind or modify in order to insure compliance with the provisions and purposes of Ch. 373. With respect to such water management districts' rules or orders, s. 11 operates as an exception from the standard-setting or rulemaking authority vested in the Environmental Regulation Commission by s. 6(1)(a) of Ch.75-22, leaving such rulemaking power initially with the water management districts, subject to the review power and final action of the Governor and Cabinet, sitting as the Land and Water Adjudicatory Commission. The commission may, however, initiate such review, as may the head of the department, among others, as prescribed by statute. See s. 373.114.
Section 3(12) of Ch. 75-22, Laws of Florida, codified as s.403.803(12), F. S., defines `standard' to mean any rule of the Department of Environmental Regulation relating to air and water quality, noise, and solid waste management, except for rules relating solely to the internal management of the department, and the procedural matters listed in the statute. The rules of the water management districts (see ss. 373.044, 373.113 and 373.171, F. S., and s. 373.171, F. S. [1976 Supp.]) which are reviewable by the Land and Water Adjudicatory Commission (s. 373.114, F. S.), and the regulations of the Department of Environmental Regulation adopted to administer the provisions of Ch. 373, F. S. (not Ch. 403, F. S.), primarily are not concerned with `air and water quality, noise and solid waste management,' such matters being primarily the concern of Ch. 403. It is only incidentally under Ch. 373 that `water quality' is expressly addressed, e.g., see ss.373.023(2), 373.026(1), 373.036(2)(g), 373.039, 373.087 and373.206, and that in the main in connection with the State Water Use Plan, see s. 373.036, and the Water Quality Standards System of the department (see s. 373.039). Also see s. 403.061(13), F. S. The standard or rule and the standard-setting or rulemaking authority mentioned in s. 6(1)(a) and (b) of Ch. 75-22, codified as s. 403.804, F. S., has reference to the standards or rules defined by s. 3(12) of Ch. 75-22, codified as s. 403.803(12), F. S. For the purposes of this opinion, such standards or rules relate to water quality as distinguished from rules of the water management districts or the Department of Environmental Regulation relating to water quantity; water use, storage, and consumption; and the conservation, protection, management, and control of the water resources of the state. See s. 373.016(3). This bifurcation of functions is discussed in Wershow, Water Management, the Future of Florida, Legal Implications, 51 Fla. Bar. J., No. 3 (March 1977). It should be noted parenthetically that, although water management districts created pursuant to s. 373.069, F. S. (1976 Supp.), do not have rulemaking authority concerning water quality, it is implicit in Ch. 373 that the district should not, by permit, authorize unlawful degradation of water quality. Attorney General Opinion 075-16. In general, the Environmental Regulation Commission, under Ch. 75-22 and the provisions of Ch. 403, F. S., supplants and exercises the powers of the former Pollution Control Board as the head of the former Department of Pollution Control (transferred to the Department of Environmental Regulation, see s. 8 of Ch. 75-22, and s. 20.261(4), F. S.), in establishing and enacting water quality standards for the state as a whole. See s.403.061(13).) The commission shares the designated part of such rulemaking authority with, and is subject to the final action and approval of, the Governor and the Cabinet as to such designated rulemaking authority only. Section 403.804. The commission does, however, serve as the adjudicatory body for final actions taken by the department, except for those appeals and decisions authorized in ss. 20.261(12) and 253.76, F. S. (s. 5, Ch. 75-22.). See s.403.804(1).
Chapter 75-22, Laws of Florida, does not affect the secretary's authority with regard to Ch. 373, F. S. Section 6(1)(b) of Ch.75-22 (s. 403.804(2), F. S.) is a limitation on, or an exception to, the commission's power with respect to water quality rulemaking. Such exceptions must be strictly construed. Farrey v. Bettendorf, 96 So.2d 889 (Fla. 1957); State v. Nourse,340 So.2d 996 (2 D.C.A. Fla., 1976). And, of course, the express mention of the exception of certain powers would necessarily exclude any other exceptions. See Dobbs v. Sea Isle Hotel, 56 So.2d 341 (Fla. 1952) and Williams v. American Surety Co. of N. Y., 99 So.2d 877
(2 D.C.A. Fla., 1958). However, such an exception does not grant or vest in the secretary any rulemaking power regarding water quality rules or standards.
The pertinent part of s. 11, Ch. 75-22 (s. 373.114, F. S.) operates as a limited or partial deprivation of the secretary's power otherwise possessed under s. 373.026(7), F. S., to review and rescind or modify any rule or order of a water management district, except the internal management of the district. This section places such power in the Governor and Cabinet as the Land and Water Adjudicatory Commission, but does not vest any power in that regard in the Environmental Regulation Commission, nor does it take from the secretary any other powers he may have over the districts or the administration of Ch. 373, F. S.
Prepared by: Staff