Wayne Hanna Clerk Circuit Court Quincy
QUESTION:
Must the clerk of the circuit court who receives a guaranteed salary from the county charge and collect a fee for recording documents filed by a county industrial development authority?
SUMMARY:
A county industrial development authority created pursuant to part III, ch. 159, F. S., is not a part of the county but is a separate and distinct entity; thus a clerk of the circuit court who receives a salary from the county as provided in s. 145.022(1), F. S., must charge and collect from the industrial development authority the prescribed service charges for services rendered by his office in recording documents filed by the authority.
Your question is answered in the affirmative.
You have advised this office that you are receiving a guaranteed salary from the county pursuant to the provisions of s.145.022(1), F. S. For the purposes of this inquiry, it is assumed that the requirements of that statute have been met.
Chapter 79-266, Laws of Florida, entitled `[a]n act relating to service charges by the clerk . . . amending s. 28.24, Florida Statutes . . . providing that in those counties where the clerk's office operates as a fiscal unit of the county, the clerk is prohibited from charging the county for services rendered by his office . . .,' amended s. 28.24 by adding the following exception or proviso to that statute's provisions:
 . . . provided that in those counties where the clerk's office operates as a fiscal unit of the county pursuant to s. 145.022(1), the clerk shall not charge the county for such services . . . .
The statutory reviser's edited language in the compilation of ch. 79-266 in s. 28.24 is, in legal effect, substantially identical.
A proviso within a statute operates as a restraint or limitation upon the language of the statute. See Futch v. Adams, 36 So. 575. 577 (Fla. 1904) (the office of a proviso is to restrain the enacting clause; to except something which would otherwise be within it, or in some manner to modify it), and Farrey v. Bettendorf, 96 So.2d 889, 893 (Fla. 1957). As such, a proviso is to be strictly construed. See Futch v. Adams, supra; Farrey v. Bettendorf, supra (proviso is to be strictly construed and limited to objects fairly within its terms or to qualify or restrain its generality); and State v. Nourse, 340 So.2d 966 (Fla. 1976). Seealso Williams v. American Surety Company of New York, 99 So.2d 877
(2 D.C.A. Fla., 1958) (when a statute sets forth exceptions, no others may be implied to be intended), and Dobbs v. Sea Isle Hotel, 56 So.2d 341 (Fla. 1952). The proviso contained in s.28.24, F. S., as amended by ch. 79-266, Laws of Florida, exempting the county from the payment of service charges and filing fees prescribed therein when the clerk, as in the instant inquiry, receives a quaranteed salary from the county, is thus limited to the county and those officers or agencies which are a part of county government. Therefore, in order for the clerk to be prohibited from charging and collecting service charges and filing fees from an industrial development authority, such an authority must fall within the stated exemption, that is, it must be considered to be a part of or an agency of county government.
You state that the Gadsden County Industrial Development Authority was created pursuant to part III, ch. 159, F. S. In the absence of a constitutional restriction or prohibition, the Legislature is empowered to create a public corporation for the purpose of carrying out a state function. 81A C.J.S. States s. 141, p. 583;see O'Malley v. Florida Insurance Guaranty Association,257 So.2d 9 (Fla. 1971). Such corporation possesses only such authority as has been delegated to it by law, see Forbes Pioneer Boat Line v. Board of County Commissioners, 82 So. 346 (Fla. 1919), and is a distinct and independent entity with an identity separate from that of the county or its governing body. The industrial development authorities have been created by the Legislature as public instrumentalities for the purpose of industrial development and the performance of essential public purposes and functions.See s. 159.45(1), which provides that in each county there is created an industrial development authority, `a local governmental body as a public body corporate and politic,' and s. 159.44(3), defining such authorities as any of the public corporations created pursuant to part III, ch. 159. And see s. 159.50, which provides that the `exercise of the powers granted by [part III, ch. 159] in all respects will be for the benefit of the people of the state.' See generally s. 159.47(1), (4), and (5), setting forth the authorities powers as bodies corporate and politic. The industrial development authorities are also empowered to issue revenue bonds and `[t]o exercise all the powers in connection with the authorization, issuance and sale of revenue bonds to finance the cost of capital projects conferred on counties, municipalities, special districts and other local governmental bodies by the Florida Industrial Development Financing Act [part II, ch. 159].' See s. 159.47(6) and (7) respectively. See also s.159.49(3), stating that bonds may be issued under part III, unless otherwise provided, without the consent of any department, commission, board, bureau, or agency of the state. And see s.159.49(1) (revenue bonds issued by the authority shall not constitute a debt of any authority, county, state, or political subdivision), and s. 159.33, F. S. (credit of state or political subdivision not pledged on bonds issued under part II, ch. 159).
Part III of ch. 159, F. S., does not designate the industrial development authorities as part of or as units of county government; rather such authorities are declared to be local governmental bodies and public corporations. While counties have been granted some powers regarding the activation and functioning of these authorities, see, e.g., s. 159.45(1) and (3), the counties' powers are limited and have been provided for with particularity by the Legislature. The counties possess only such powers over the authorities as have been legislatively delegated to them. See AGO 078-115, in which this office stated that the Legislature created and determined the structure of, and defined the duties of, county industrial development authorities as public bodies corporate and politic, independent of the counties, and that the counties do not have the authority or discretion to alter the structural organization of such authorities. Cf. AGO 077-92, concluding that a county housing authority created pursuant to ch. 421, F. S., is a public corporation or public quasi corporation, independent of and with an identity separate from the county. Seealso AGO 075-60, wherein this office concluded that members of a county industrial development authority were officers of a special district or authority and not county officers.
Prepared by: Joslyn Wilson, Assistant Attorney General