Mr. Stanley E. Marable Attorney for the Lake County School Board Post Office Drawer 1357 Leesburg, Florida 32748
Dear Mr. Marable:
This is in response to your request for an opinion on the following question:
 IS THE LAKE COUNTY DISTRICT SCHOOL BOARD LEGALLY AUTHORIZED TO PAY A VOCATIONAL TEACHER RETROACTIVELY FOR EIGHT YEARS OF PRIOR VOCATIONAL WORK RELATED EXPERIENCE?
According to your letter, the individual in question was first employed as a vocational classroom teacher by the Lake County District School Board in April 1973. At that time, the school board did not consider prior work experience with other employers in determining an employee's salary; effective July 1, 1973, however, the school board implemented a new policy which permitted past work experience to be credited for salary purposes for vocational or technical teachers. This policy, which is still in effect, imposes the responsibility for establishing proof of past work experience on the teacher in order to receive credit for salary purposes. The policy to allow credit for past experience has been, according to your letter, published in the school board's policy book and similar language has been contained in all collective bargaining agreements between the school board and the Lake County Education Association, the bargaining representative for classroom teachers, see, e.g., Art. XVI, ss 3 and 4 of the current collective bargaining agreement. Moreover, you state that the personnel office of the school district attempts to inform all employees of this policy.
You state that the teacher in question in the instant inquiry has progressed along the yearly experience increments of the salary schedule and at the beginning of the 1981-1982 school year had eight years experience. In the fall of 1981, she apparently first realized that the school board would allow for salary purposes credit for past vocational work related experience and was able to establish eight years of prior experience which qualified for credit in addition to the eight years of experience she had accrued as a teacher within the Lake County School District. Accordingly, she was advanced eight levels on the salary schedule, effective the beginning of the 1981-1982 school year, and is now credited with sixteen years of experience. The teacher has stated that she did not learn until this school year that she was entitled to credit for past work related experience and has therefore requested that the eight years verified in the fall of 1981 be credited retroactively to the beginning of the 1973-1974 school year and that her past salary be adjusted accordingly. This would result in the school board paying the teacher the difference between her total salary for the past eight years and what she would have received had she established in 1973 her eight years prior experience. Accordingly, you inquire as to whether the district school board is legally authorized to make such a retroactive payment.
Section 230.23(5)(c), F.S., authorizes the district school board to adopt salary schedules and to fix and authorize the compensation of its school employees on the basis of such schedules. Cf. ss 236.02(3)(b) and (4), F.S., requiring each school district which participates in the state appropriations for the Florida Education Finance Program to pay all personnel in accordance with payroll period schedules adopted by the school board and included in the official salary schedule and to expend funds for salaries in accordance with the salary schedule(s) adopted by the board in accordance with the provisions of law and the regulations of the State Board of Education. In addition, the school board is required to provide written contracts with all regular members of the instructional staff. All such contracts, which are to be in accordance with the salary schedules adopted by the school board, `shall be in writing for definite amounts and for definite terms of service, and shall specify the number of monthly payments to be made,' s 230.23(5)(d), F.S. The subsection further provides that the school board `is prohibited from paying any salary to any member of the instructional staff, except when this provision has been observed.'
Under the policy adopted by the school board, it is the responsibility of the teacher, not the board, to establish proof of his or her past work experience in order to receive credit for salary purposes; if a teacher fails to establish verification of past experience by the time the employee has received his or her third paycheck from the school board, he or she will not be credited with the prior experience during that fiscal year. See
Art. XVI, s 4 of the collective bargaining agreement which is in accord with this policy and which states:
 All previous years of experience that have been filed up to the time of making the third payroll affecting that teacher will be calculated in the current annual salary as provided in the salary schedule. Experience verified after preparation of the third payroll shall not be calculated in the salary of the teacher until the next fiscal year of employment.
In the instant inquiry, the teacher failed to comply with the requirements of the school board policy until the fall of 1981; she had, however, been compensated for her services as a teacher, presumably having received, in accordance with the aforementioned statutes and the salary schedule adopted by the school board, a definite salary in monthly payments for a definite term of service. It was not until the fall of 1981 that the teacher, having provided the school board with verification of her past work experience, became entitled under the school board's policy and the terms of the collective bargaining agreement to receive credit for her past experience. She was at the time advanced eight levels on the salary schedule.
Section 215.425, F.S., provides in pertinent part that `[n]o extra compensation shall be made to any officer, agent, employee, or contractor after the service shall have been rendered or the contract made . . . .' Section 215.425 was formerly Art. XVI, s 11, State Const. 1885, as amended, and was converted to statutory law by Art. XII, s 10, State Const. 1968. The purpose of this provision prohibiting compensation for work already performed is to carry out a basic and fundamental principle that public funds may by used only for a public purpose and it is contrary to this policy to use public funds to give extra compensation for work which has already been performed for an agreed upon wage. See AGO 081-98 wherein this office stated that a municipality could not expend public funds to reimburse municipal employees who have expended monies to purchase additional past service credit which the city elected not to provide when it had the opportunity to do so, in order to obtain full retirement benefits because such action would constitute extra compensation or a lump sum allowance not provided for by law or contract granted after the rendition of services which is prohibited by s 215.425. Thus retroactive extra compensation, lump sum allowances or other forms of compensation not provided for by law or contract and not earned in regular monthly installments are prohibited by s 215.425. Chapter 80-114, Laws of Florida, amended s 215.425 to specify a limited exception to that section's general prohibition by providing that a district school board when adopting salary schedules for a fiscal year `may apply the schedule for payment of all services rendered subsequent to July 1 of that fiscal year.' The case under consideration, however, does not fall within the terms or scope of this limited exception, and no other exception may be read into the statute. See Williams v. American Surety Company of New York,99 So.2d 877 (2 D.C.A. Fla., 1958) (where statute sets forth exceptions, no others may be implied to be intended); Dobbs v. Sea Isle Hotel, 56 So.2d 341 (Fla. 1952).
In the instant inquiry, the teacher seeks to recover the difference between what she received during the years 1973-1981 and what she would have been entitled to had she provided proof of her past work experience in compliance with school board policy. Such a payment would be, in my opinion, prohibited by the terms of s 215.425. The teacher performed her services and was compensated for those services during those years. Pursuant to school board policy, she was not entitled to credit for prior work experience until she provided verification of such experience. Payment now would grant the teacher extra compensation for work which had already been performed for an agreed upon wage. See AGO 075-311 in which this office stated that retroactive application for the unclaimed compensation in question was available for services performed by members of the State Board of Cosmetology during the current fiscal year if funds for that purpose have been budgeted and remain unspent at the time a board member's application has been processed; however, any application for retroactive compensation for services rendered by board members prior to the instant fiscal year must be by claims bill pursuant to s 215.425, F.S. Compare AGO 075-279 wherein this office opined that a teacher's salary contract providing for a salary increase which is entered into through collective bargaining subsequent to the beginning of the salary year does not represent a claim for extra compensation prohibited by s 215.425 as the teacher did not perform his teaching services for an agreed upon salary under a binding contract applicable to the current year but rather performed those services in accordance with the previous year's salary schedule pending negotiation of contracts for the new year pursuant to the collective bargaining negotiations and with the understanding that the new contracts would incorporate the new salary schedule to which they would be entitled for the entire year. Thus this office was of the opinion that a subsequent salary adjustment made after the collectively bargained agreement was approved and ratified and which was made pursuant to and in performance of said agreement did not appear to represent `extra compensation' prohibited by s 215.425. In the instant inquiry, however, the teacher was compensated for her services at an agreed upon wage pursuant to an existing contract during those years.
Accordingly, I am of the opinion, until and unless judicially or legislatively determined to the contrary, that the retroactive payment to a vocational teacher for eight years of prior vocational work related experience constitutes `extra compensation' prohibited by s 215.425, F.S., and thus the district school board is unauthorized to make such a retroactive salary payment to the teacher.
Sincerely,
Jim Smith, Attorney General
Prepared by: Joslyn Wilson, Assistant Attorney General