Mr. Roger Stokley Superintendent of Schools Wakulla County School Board Post Office Box 100 Crawfordville, Florida 32327
Dear Mr. Stokley:
This is in response to your request for an opinion on substantially the following question:
 MAY THE SCHOOL BOARD OF WAKULLA COUNTY RETROACTIVELY INCREASE THE COMPENSATION PAID TO TEACHERS OBTAINING MASTERS DEGREES?
You state in your letter of inquiry that the Wakulla County School Board on June 28, 1982, retroactively increased the pay of several teachers who had received a masters degree either near the end of or after the fiscal year 1981-82. Eleven teachers were involved and all were bachelor degree teachers for most of the school year. The Auditor General has questioned this payment and, in the absence of authority therefor, recommended that appropriate compensation adjustments be made for each employee. According to information contained in the audit report, seven of the teachers received their masters degree certificates in June, 1982, two received their certificates in July, 1982, and two received their certificates in August, 1982. It is the Auditor's position that "in these instances, advanced status was achieved after the teacher contracted to teach for the 1981-82 fiscal year and had completed essentially all of their teaching responsibilities." For the reasons set forth in this opinion, I am in agreement with the Auditor General's position.
It would appear that the retroactive payment to such teachers under these circumstances constitutes "extra compensation" prohibited by s 215.425, F.S. (1984 Supp.), and therefore, the district school board is without authority to make such retroactive payments to the teachers in question. Section 215.425, in pertinent part, provides:
 No extra compensation shall be made to any officer, agent, employee, or contractor after the service has been rendered or the contract made; nor shall any money be appropriated or paid on any claim the subject matter of which has not been provided for by preexisting laws, unless such compensation or claim is allowed by bill passed by two-thirds of the members elected to each house of the Legislature. However, when adopting salary schedules for a fiscal year, a district school board or community college district board of trustees may apply the schedule for payment of all services rendered subsequent to July 1 of that fiscal year. . . .
Section 215.425, F.S., was formerly s 11, Art. XVI, State Const. 1885, and was converted to statutory law by s 10, Art. XII, State Const. 1968. As stated in AGO 82-28: "The purpose of this provision prohibiting compensation for work already performed is to carry out a basic and fundamental principle that public funds may be used only for a public purpose and it is contrary to this policy to use public funds to give extra compensation for work which has already been performed for an agreed upon wage." (emphasis in original). Cf., AGO 81-98.
Section 230.23(5)(c), F.S. (1984 Supp.), requires the district school board to adopt salary schedules and to fix and authorize the compensation of its school employees on the basis of such schedules. Cf., s 236.02(4)(b) and (5), F.S., requiring each school district participating in the state appropriations for the Florida Education Finance Program to pay all personnel in accordance with payroll period schedules adopted by the school board and included in the official salary schedule, and to expend funds for salaries in accordance with salary schedules adopted by the board in accordance with the provisions of law and the regulations of the State Board of Education. The school boards are required to provide written contracts with all regular members of the instructional staff. Section 230.23(5)(d), F.S. (1984 Supp.). All such contracts, which are to be in accordance with the salary schedules adopted by the school board, "shall be in writing for definite amounts and for definite terms of service, and shall specify the number of monthly payments to be made." Id. Subsection (5)(d) further provides that the school board "is prohibited from paying any salary to any member of the instructional staff, except when this provision has been observed."
Thus the payment of retroactive compensation, lump sum allowances or other forms of compensation not provided for by law or contract and not earned in regular monthly installments are prohibited by s215.425. The statute contains a limited exception to its general prohibition by providing that a district school board when adopting salary schedules for a fiscal year "may apply the schedule for payment of all services rendered subsequent to July 1 of that fiscal year." This exception does not apply to the instant situation, and no other exception may be read into the statute. See, Williams v. American Surety Company of New York, 99 So.2d 877
(2 D.C.A.Fla., 1958) (where statute sets forth exceptions, no others may be implied to be intended); Dobbs v. Sea Isle Hotel,56 So.2d 341 (Fla. 1952). And see, AGO 75-279, concluding that a contract with instructional personnel providing for a salary increase which was entered into through collective bargaining subsequent to the beginning of the salary year did not represent a claim for extra compensation prohibited by the statute since the teacher did not perform the teaching services for an agreed upon salary under a binding contract applicable to the current year, but rather performed those services pursuant to the previous year's salary schedule pending negotiation of new contracts and with the understanding that the new contracts would incorporate the new salary schedule to which such personnel would be entitled for the entire year.
In the instant inquiry, however, the teachers had already performed their teaching services and were compensated for such services at an agreed upon wage pursuant to an existing contract for the 1981-1982 school year. Moreover, the teachers did not complete the course work for the masters degree until late in the 1981-1982 fiscal year. To subsequently authorize the payment of the difference in salary between a bachelors degree and a masters degree grants to such teachers extra compensation for services already performed at an agreed upon wage pursuant to a contract. The fact that Rule 6A-4.02(1), F.A.C., requires that each certificate shall bear an effective date of July 1 of the school fiscal year for which it is issued is not pertinent to the issue of whether the payment in question constitutes a prohibited extra compensation after the contracted service has been rendered as provided in s 215.425, F.S.
In conclusion, it is therefore my opinion that, in the absence of a collective bargaining agreement entered into prior to the performance of the teaching services, retroactive payments at the level of masters degree salary to teachers who received their masters degrees at the end of the fiscal year for that year's teaching services constitutes "extra compensation" prohibited by s215.425, F.S. (1984 Supp.), and thus, the district school board is unauthorized to make such retroactive salary payments to the teachers.
Sincerely,
Jim Smith Attorney General
Prepared by:
Craig Willis Assistant Attorney General