Mr. James K. Austin Superintendent of Schools Hernando County 919 U.S. Highway 41 North Brooksville, Florida 33512-2997
Dear Mr. Austin:
This is in response to your request for an Attorney General's Opinion on substantially the following question:
 IS THE SCHOOL BOARD OF HERNANDO COUNTY AUTHORIZED TO RETROACTIVELY PAY A HIGHER SALARY TO A SUBSTITUTE TEACHER, WHO IS NOT COVERED BY A COLLECTIVE BARGAINING AGREEMENT, ONCE A VALID CERTIFICATE IS RECEIVED, WITH SUCH SALARY RETROACTIVE TO THE DATE AN APPLICATION FOR CERTIFICATION BY THE TEACHER WAS RECEIVED BY THE DEPARTMENT OF EDUCATION?
You state that the School Board of Hernando County annually adopts salary schedules for all personnel classifications, including a schedule for substitute teachers. The salary schedule for substitute teachers is based on whether the individual has or has not been certified. Under this schedule, a person is paid a lower salary until such time as a certificate is received, at which time the individual receives a higher salary.
As provided by administrative rule of the State Board of Education, a superintendent of schools is authorized, by duly adopted policy, to appoint emergency or substitute teachers under the following circumstances:
 (1) When a regular teacher is not available, a certified or non-certified individual may be employed during an emergency.
 (2) School boards are further authorized to contract with properly certified personnel in order to provide teachers in an emergency when the regular teacher is unable to perform assigned duties. The conditions of such contracts shall be the same as those of contracts issued to regular instructional personnel, except that compensation shall be earned by the holders of such contracts only for the days during which services are actually rendered. The compensation for such employees shall be computed at the same daily rate that would be allowed to full-time employees with the same qualifications and status.
Rule 6A-1.54, F.A.C.
Pursuant to s. 230.23(5), F.S., a district school board is authorized to designate positions to be filled, prescribe qualifications for such positions, and provide for the appointment, compensation, promotion, suspension and dismissal of employees. In this regard, the school board is authorized to adopt as a basis for paying all school employees, such schedules to be arranged, insofar as practicable, so as to furnish incentives for improvement in training and for continued and efficient service and fix and authorize the compensation of school employees on the basis of such schedules. Section 230.23(5)(c), F.S. See generally, s. 230.23(5)(d), F.S., ("[a]ll contracts with members of the instructional staff shall be in accordance with the salary schedule adopted by the school board, shall be in writing for definite amounts and for definite terms of service, and shall specify the number of monthly payments to be made"). And see, s. 236.02(4)(b), F.S., requiring school districts which participate in the state appropriations for the Florida Education Finance Program to, inter alia, pay all personnel in accordance with payroll period schedules adopted by the school board and included in the official salary schedule; and s. 236.02(5), F.S., which states that such districts shall expend funds for salaries in accordance with a salary schedule or schedules adopted by the school board in accordance with the applicable provisions of law and regulations of the state board. As provided in Rule 6A-1.52, F.A.C., each school board is required to annually adopt and spread on its minutes a salary schedule or schedules for employees of the district school system. As the rule states, "[t]he schedules so adopted shall be the sole instrument used in determining the annual, monthly, weekly, daily, or hourly compensation for the employees of the board." (e.s.) In developing these salary schedules, the superintendent and the school board must ascertain that all the provisions of law relating to such schedules are met. Subsections (4) and (5) of Rule 6A-1.52, F.A.C., provide that:
 (4) No extra compensation shall be made to any employee of the board after service shall have been rendered, or the contract made as provided by section 215.425, Florida Statutes.
 (5) No salary shall be paid differing from the amount to which the employee is entitled under the salary schedule. When it is determined that an incorrect amount has been paid the differences shall be adjusted between the board and the employee to the end that each employee shall receive the amount to which he is entitled under the salary schedule.
Section 215.425, F.S., provides in pertinent part that "[n]o extra compensation shall be made to any officer, agent, employee, or contractor after the service has been rendered or the contract made. . . ." Section 215.425, F.S., formerly s. 11, Art. XVI, State Const. 1885, as amended, was converted to statutory law by s. 10, Art. XII, State Const. 1968. The purpose of this provision prohibiting additional compensation for work already performed is to carry out the basic and fundamental principle that public funds may be used only for a public purpose and it is contrary to this policy to use public funds to award extra compensation for work which has already been performed for an agreed upon wage. See, AGO's 85-57 (in the absence of a collective bargaining agreement entered into prior to performance of such services, retroactive payment at masters degree salary level to teachers receiving such degrees at end of fiscal year for that year's teaching services constitutes "extra compensation" and is prohibited by s. 215.425, F.S.); 82-28 (retroactive payment to a vocational teacher for 8 years of prior vocational work-related experience constitutes "extra compensation" prohibited by s. 215.425, F.S., and thus the district school board is unauthorized to make such a retroactive salary payment to the teacher); 81-98 (municipality may not legally expend public funds to reimburse employees of the city who have expended personal monies to purchase additional past service credit in order to obtain full retirement benefits which the city elected not to provide when it had the opportunity to do so, because such action would constitute extra compensation or a lump sum allowance not provided for by law or contract and granted after the rendition of services which is prohibited by s. 215.425, F.S.).
Thus, the payment of retroactive compensation, lump sum allowances or other forms of compensation not provided for by law or contract is prohibited by s. 215.425, F.S. A limited exception to this general prohibition is provided in s. 215.425 stating that a district school board, when adopting salary schedules for a fiscal year "may apply the schedule for payment of all services rendered subsequent to July 1 of that fiscal year." The situation under consideration herein does not come within the scope of this exception, and no other exception may be read into the statute. See, Williams v. American Surety Company of New York, 99 So.2d 877
(2 D.C.A.Fla., 1958) (where statute sets forth exceptions, no others may be implied to be intended); Dobbs v. Sea Isle Hotel,56 So.2d 341 (Fla. 1952). And see, AGO 75-279, concluding that a contract with instructional personnel providing for a salary increase which was entered into through collective bargaining subsequent to the beginning of the salary year did not represent a claim for extra compensation prohibited by the statute since the teacher did not perform the teaching services for an agreed upon salary under a binding contract applicable to the current year, but rather performed those services pursuant to the previous year's salary schedule pending negotiation of new contracts and with the understanding that the new contracts would incorporate the new salary schedule to which such personnel would be entitled for the entire year.
In the instant inquiry, it would appear that the substitute teacher will have performed teaching services and been compensated for these services at an agreed upon wage pursuant to the existing salary schedules. To subsequently authorize the payment of the difference in salary between a certified and noncertified teacher grants to such teacher extra compensation for services already performed at an agreed upon wage pursuant to previously established salary schedules. Accord, AGO 85-57.
Therefore, it is my opinion that, in the absence of a contractual agreement entered into prior to the performance of substitute teaching services which contemplates such payments, retroactive payments at the level of a certified teacher salary to a substitute or emergency teacher who receives his or her certificate following the commencement of such teaching duties constitutes "extra compensation" prohibited by s. 215.425, F.S., and thus, the School Board of Hernando County is unauthorized to make such retroactive payment to a substitute teacher.
Sincerely,
Jim Smith Attorney General
Prepared by:
Gerry Hammond Assistant Attorney General