Dear Mr. Craig:
On behalf of the Board of County Commissioners of Polk County, you have asked for my opinion on substantially the following question:
Pursuant to section 401.30(3) and (4), Florida Statutes, is the entire record of an emergency call which contains patient examination and treatment information confidential and exempt from the provisions of section 119.07(1), Florida Statutes?
In sum:
The entire record of an emergency call which contains patient examination and treatment information and is maintained as required by section 401.30(1), Florida Statutes, is made confidential and exempt from the provisions of section 119.07(1), Florida Statutes, by subsection (4) of section 401.30, Florida Statutes. Reports containing statistical data, required by the Department of Health to be documented and submitted to the department on forms developed and provided by the department, are public records and must be made available for inspection and copying following redaction of any patient-identifying information contained in such reports pursuant to section 401.30(3), Florida Statutes.
According to your letter, a local newspaper has contacted the public safety information staff of Polk County and advised them that newspaper reporters intend to request that the county provide the names and addresses of patients who have made emergency calls to which the county public safety staff has responded. The county has developed a form, the Prehospital Care Report, that county emergency medical services staff completes in response to an emergency call as required by section 401.30, Florida Statutes. You have asked whether the entire form is confidential and exempt pursuant to section 401.30, Florida Statutes, and, if not, what information should be redacted prior to producing the report for inspection and copying.
Part III, Chapter 401, Florida Statutes, is entitled the "Raymond H. Alexander, M.D., Emergency Medical Transportation Services Act."[1]
The act addresses the provision of medical transportation services and provides for the investigation, examination, licensing, technical assistance, and support services for such programs.[2]
Section 401.30, Florida Statutes, contains provisions relating to the treatment of records of those entities licensed to act under this part. A "[l]icensee" is defined to mean "any basic life support service, advanced life support service, or air ambulance service licensed pursuant to this part."[3] Pursuant to section 401.30, Florida Statutes, each licensee is required to maintain accurate records of emergency calls on forms that contain information prescribed by the Department of Health. These records must be available to be inspected by agents of the Department of Health at any reasonable time and copies of these records must be furnished to the department as requested.[4] Pursuant to section 401.30(3), Florida Statutes, reports containing statistical data are public records "except that the names of patients and other patient-identifying information contained in such reports are confidential and exempt from the provisions of s. 119.07(1)."
Section 401.30(4), Florida Statutes, makes specific provision for records of emergency calls:
"Records of emergency calls which contain patient examination or treatment information are confidential and exempt from the provisions of s. 119.07(1) and may not be disclosed without the consent of the person to whom they pertain, but appropriate limited disclosure may be made without such consent: (a) To the person's guardian, to the next of kin if the person is deceased, or to a parent if the person is a minor;
(b) To hospital personnel for use in conjunction with the treatment of the patient;
(c) To the department;
(d) To the service medical director;
(e) For use in a critical stress debriefing. Any such discussions during a critical incident stress debriefing shall be considered privileged communication under s. 90.503;
(f) In any civil or criminal action, unless otherwise prohibited by law, upon the issuance of a subpoena from a court of competent jurisdiction and proper notice by the party seeking such records, to the patient or his or her legal representative; or
(g) To a local trauma agency or a regional trauma agency, or a panel or committee assembled by such an agency to assist the agency in performing quality assurance activities in accordance with a plan approved under s. 395.401. Records obtained under this paragraph are confidential and exempt from s. 119.07(1) and s. 24(a), Art. I of the State Constitution."
This subsection does not prohibit the department or a licensee from providing information to any law enforcement agency or any other regulatory agency responsible for the regulation or supervision of emergency medical services and personnel."
Thus, recognizing the sensitive nature of medical records, the statute authorizes limited access to specified individuals and entities without the patient's consent. However, I would note that the statute clearly provides that records of emergency calls containing patient medical information may be disclosed with the consent of the person to whom they relate.
It is a well-recognized principle of statutory construction that the mention of one thing implies the exclusion of another — expressio uniusestexclusio alterius. Thus, when a statute enumerates the things upon which it is to operate, or forbids certain things, it is ordinarily to be construed as excluding from its operation all things not expressly mentioned.[5] Where a statute sets forth exceptions, no other exceptions may be implied to be intended.[6] Moreover, a legislative direction as to how a thing shall be done is, in effect, a prohibition against its being done in any other way.[7] Thus, the enumeration of those instances for which and persons to whom records of emergency calls containing patient examination or treatment information may be disclosed is exclusive. Accordingly, such information may not otherwise be released.[8]
In short, section 401.30(4), Florida Statutes, provides that records of emergency calls that contain patient examination or treatment information may be released only in certain circumstances and to the persons specified. For example, the statute authorizes disclosure to the emergency medical service's supervising medical director, who may or may not be an employee, and to hospital personnel providing treatment to the patient. Thus, this office in Attorney General Opinion 86-97 concluded that records of emergency calls containing patient examination or treatment information maintained by the county fire-rescue department may not be disclosed to local law enforcement officers except as provided in section401.30(4). In addition, the statute recognizes that regulatory agencies, such as the Department of Health, may be granted access to such records in their regulatory and supervisory capacity.[9] News gathering organizations are not included within the list of persons who are authorized to have access to records of emergency calls containing patient-identifying information and no exceptions to the statutory scheme may be implied.
Based on the language of subsections (3) and (4) of section 401.30, Florida Statutes, a distinction should be made between statistical reports provided to the Department of Health and records of emergency calls. The statute recognizes that reports to the department which cover statistical data are public records and requires any patient-identifying information to be redacted. However, I do not understand the reports referred to in subsection (3) to be the records of emergency calls described in subsection (4).
Section 401.30, Florida Statutes, deals generally with records relating to medical telecommunications and transportation. The department has adopted administrative rules pursuant to section 401.30 that relate to records and reports and these may be found at 64J-1.014, Florida Administrative Code. This rule refers to and provides direction for agencies "responsible for supervising, preparing, filing and maintaining records and for submitting reports to the department as requested."[10]
The rule requires that each Emergency Medical Services provider shall ensure that accurate and complete patient care records are prepared for each instance in which a patient is transported to a hospital.[11]
These records must be maintained for a period of at least five years.[12]
The rule also specifically requires each provider to maintain certain administrative records[13] and requires each provider to "document and submit to the department, the information contained on DH Form 1304, May 02, `EMS Aggregate Prehospital Report and Provider Profile Information Form," which would appear to be in the nature of the statistical data required to be submitted to the department pursuant to section 401.30(3), Florida Statutes. These forms are available from the department and are required to be submitted in accordance with the time frame specified in certain Department of Health Protocols.[14] Thus, the statute and the rule implementing the statute distinguish between statistical reports which are required to be submitted to the department on forms developed by and available from the department and records of emergency calls. While the reports to the department are public records, the records of emergency calls are confidential and exempt from section 119.07(1), Florida Statutes.
In sum, it is my opinion that the entire record of an emergency call which contains patient examination and treatment information and is maintained as required by section 401.30(1), Florida Statutes, is made confidential and exempt from the provisions of section 119.07(1), Florida Statutes, by subsection (4) of section 401.30, Florida Statutes. Statistical reports, required by the Department of Health to be documented and submitted to the department on forms developed and provided by the department, are public records and must be made available for inspection and copying following redaction of any patient names or other patient-identifying information contained in such reports.
Sincerely,
 Bill McCollum Attorney General
BM/tgh
[1] Section 401.2101, Fla. Stat., provides the short title for the act.
[2] See s. 401.211, Fla. Stat. And see s. 401.25(1), Fla. Stat., requiring licensure of every person, firm, corporation, association, or governmental entity owning or acting as agent for the owner of any business providing prehospital or interfacility advanced life support services or basic life support transportation services.
[3] Section 401.23(13), Fla. Stat.
[4] Section 401.30(1), Fla. Stat.
[5] See Young v. Progressive Southeastern Insurance Company, 753 So. 2d 80 (Fla. 2000); Thayer v. State, 335 So. 2d 815, 817 (Fla. 1976); Dobbsv. Sea Isle Hotel, 56 So. 2d 341, 342 (Fla. 1952).
[6] Dobbs v. Sea Isle Hotel, supra; Biddle v. State BeverageDepartment, 187 So. 2d 65, 67 (Fla. 4th DCA 1966); Williams v. AmericanSurety Company of New York, 99 So. 2d 877, 880 (Fla. 2d DCA 1958).
[7] Alsop v. Pierce, 19 So. 2d 799, 805-806 (Fla. 1944); Dobbs v. SeaIsle Hotel, supra; Thayer v. State, supra.
[8] Compare Op Att'y Gen. Fla. 80-21 (1980), which was issued prior to the enactment of s. 401.30(4), supra, by s. 11, Ch. 84-317, Laws of Fla., and which concluded that "medical information" or "patient history" gathered and included in a rescue report by an emergency medical team from the municipal fire department was a public record subject to s.119.07(1), Fla. Stat. Cf. s. 456.057(5)(a) and (5)(a)3., Fla. Stat., which states that a health care practitioner who makes a physical or mental examination of, or administers treatment to, any person shall not furnish records of such examination or treatment to any person other than the patient, his or her legal representative, or other health care practitioners and providers for the patient except upon written authorization of the patient and that such records may be furnished "[i]n any civil or criminal action, unless otherwise prohibited by law, upon the issuance of a subpoena from a court of competent jurisdiction and proper notice to the patient or the patient's legal representative by the party seeking such records."
[9] Chapter 401, Fla. Stat., contains a procedure for filing complaints against emergency medical services providers and the investigation of those complaints by the state agency charged with oversight of these services, the Department of Health. See s. 401.24, Fla. Stat., making the Department of Health responsible for the regulation of basic and advanced life support programs. Section 401.414, Fla. Stat., provides that complaints against an emergency medical services provider will be investigated expeditiously by the Department of Health which will issue an investigative report containing investigative findings and recommendations.
[10] Rule 64J-1.014(1), F.A.C.
[11] Rule 64J-1.014(2), F.A.C.
[12] Rule 64J-1.014(6), F.A.C., and see subsection (1) requiring that "[a]ny records maintained by the provider as required by these rules . . . shall be retained for a period of at least 5 years except as otherwise specified in this rule."
[13] Pursuant to Rule 64J-1.014(1), F.A.C., each provider is required to maintain the following administrative records:
 "(a) Vehicle registration, copy of past department inspection reports, proof of current vehicle permit, and proof of current insurance coverage.
 (b) Personnel records for each employee, to include date of employment, training records, employee application, documentation of current certification, and confirmation that each driver is in compliance with Section 401.281, F.S.
 (c) Copy of up-to-date department approved TTPs (Trauma Transport Protocols)."
And see, e.g., Rule 64J-2.006, F.A.C., regarding completing and submitting data to the Florida Trauma Registry.
[14] Rule 64J-1.014(13), F.A.C.