327 So.2d 69 (1976)
Constance D. COE et al., Appellants,
v.
BROWARD COUNTY, Florida, et al., Appellees.
No. 75-235.
District Court of Appeal of Florida, Fourth District.
January 9, 1976.
Rehearing Denied February 9, 1976.
*70 Barry Scott Richard, of Snyder, Young, Stern & Tannenbaum, P.A., North Miami Beach, for appellants.
John U. Lloyd, Gen. Counsel, and Edward J. Williams, Asst. Gen. Counsel, Betty Lynn Lee, Fort Lauderdale, for appellee, Broward County, Florida.
Gaylord A. Wood, Jr., of Wood & Cohen, Fort Lauderdale, for appellee, William G. Markham.
OWEN, Judge.
Appellants filed an action for declaratory relief alleging that appellee Broward County had violated Ch. 74-434, Laws of Fla., Special Acts (1974), by exceeding the tax millage rate authorized therein. Broward County filed a counterclaim alleging that Ch. 74-434 violated Fla. Const. Art. III, § 11(a)(2).[1]
Ch. 74-434 provided that when the general level of assessed value was increased over the preceding year, the County Commission and other Broward County taxing authorities were required to reduce the millage to be levied from what it was the preceding year proportionate to the increase of the general level of assessed value. The act required the tax assessor to certify to the taxing authority the reduced millage necessary to comply with this chapter. The Broward County assessor certified to the County Commission a 1974 millage of 2.939 mills (hereinafter referred to as the certified millage). Ch. 74-434 permitted the taxing authority to raise the certified millage by 10% after a public hearing. The Broward County Commission did so, thereby increasing the millage to 3.233 mills. The act further permitted an additional 5% increase if necessary to avoid an impairment of the taxing authority's ability to meet its obligations. The County did not seek the additional 5% increase.
Ch. 74-434 provided one further exception, the construction of which is at issue here. Section 1(1) of the act required the above described millage reduction, "unless otherwise required by law to maintain a higher millage level in order to participate in state revenue sharing, or any other matching formula for funding of state or local government programs or projects." Similarly, Section 6 of the act provided:
"Local taxing authorities may maintain a millage level necessary to participate in state revenue sharing, maintain the local required effort under the state minimum foundation program or any other matching formula for funding of state or local governmental programs or projects."
*71 The Broward County Commission interpreted these provisions to apply to all matching fund programs in which the County participated and to permit such funds to be treated as an "add-on". The total funding of all such programs equalled .3481 mills which the County added to the millage (on top of the 10% increase) for a total of 3.581 mills. This was an increase over the certified millage of 21.84%. Appellants' complaint alleged that the add-on of .3481 mills for all matching fund programs was a violation of Ch. 74-434.
Both parties moved for summary judgment. The circuit court granted defendant-Broward County's motion and entered final judgment for the County on the grounds that Ch. 74-434 authorized the add-on of .3481 mills. This appeal followed.
Although appellees had raised in the trial court the issue of the constitutionality of Ch. 74-434, the final judgment does not expressly pass upon that issue. None of the parties raised the question of this court's jurisdiction to consider the appeal; however, at the time of oral argument, the court on its own motion raised the question of whether the trial court had passed directly upon the validity of a state statute, thereby placing appellate jurisdiction in the Supreme Court under Fla. Const. Art. V, § 3(b)(1). Upon further consideration of that subject, we have concluded that in entering judgment for the appellee Broward County the trial court did not necessarily pass upon the validity of the statute in order to arrive at its judgment, as would have been the case had the judgment been entered favorable to appellants' position. See, Harrell's Candy Kitchen, Inc. v. Sarasota-Manatee Airport Authority, 111 So.2d 439 (Fla. 1959). We therefore have appellate jurisdiction.
The obvious legislative intent of Ch. 74-434 is to put a 10% ceiling on increased property taxes, with the proviso that a taxing authority may exceed the ceiling if "necessary to participate in state revenue sharing, [and] maintain the local required effort under the state minimum foundation program or any other matching formula for funding of state or local governmental programs or projects." The act specifically enumerates two particular matching formula programs  state revenue sharing and the state minimum foundation programs  both of which require a governmental unit to levy a certain minimum millage in order to participate.[2] Applying the rule of ejusdem generis, it is apparent that this proviso was intended simply to avoid a situation where the millage ceiling would prevent the governmental unit from participating in such programs because it failed to meet a required minimum millage. No such problem existed in the case at bar. Rather, Broward County added up its contribution to every matching fund program in which it participated and treated the total as an "add-on" on top of the certified millage plus 10%. None of the programs had a required minimum millage levy in order to qualify the County for participation. The additional millage was not "required by law" or "necessary to participate" in these programs.
Appellees' position requires an interpretation of the "necessary to participate" phrase as meaning "necessary to participate without having to reduce other budget items which the County Commission doesn't care to reduce." Such an interpretation is contrary to the obvious intent of the act, results in a millage increase of over 21%  more than double the statutory ceiling  and ignores the rule of statutory construction that an exception or proviso in a statute is to be strictly construed. Farrey v. Bettendorf, 96 So.2d 889 (Fla. 1957).
We conclude that Ch. 74-434 did not authorize the Broward County Commission to "add-on" the .3481 mills described *72 herein and the court erred in so ruling. We find that Ch. 74-434 is not constitutionally invalid, and we reject appellees' argument to the contrary, thereby initially and directly passing on the validity of this state statute. Fla. Const. Art. V, § 3(b)(1).
The judgment is reversed and this cause remanded for further proceedings consistent herewith.
DOWNEY, J. and NESBITT, JOSEPH, Associate Judge, concur.
NOTES
[1] Fla. Const. Art. III, § 11(a)(2) provides as follows:

"§ 11. Prohibited special laws. 
"(a) There shall be no special law or general law of local application pertaining to:
* * * * *
"(2) assessment or collection of taxes for state or county purposes, including extension of time therefor, relief of tax officers from due performance of their duties, and relief of their sureties from liability; * * *"
[2] Fla. Stat. § 218.23 (1973); Fla. Stat. § 236.081(5) (1973).