James Nursey Chief of Police Orlando
QUESTIONS:
1. Is a municipal police department an `other entity' within the purview of s. 934.03(2)(g)(1)., F. S.?
2. If question 1 is answered in the affirmative, may a municipal police department with published emergency telephone numbers intercept and record incoming wire communications, pursuant to s.934.03(2)(g), F. S., on all its telephone lines or only on those with published emergency numbers?
SUMMARY:
A municipal police department is not an `other entity' within the purview of s. 934.03(2)(g)1., F. S., for the purpose of intercepting and recording incoming wire communications on published emergency telephone numbers.
AS TO QUESTION 1:
Section 934.03(2)(g), F. S., provides as follows:
(g) It is lawful under this chapter for an employee of:
 1. An ambulance service licensed pursuant to s. 401.25, a fire station employing firefighters as defined by s. 633.30, a public utility as defined by ss. 365.01 and 366.02, or any other entity with published emergency telephone numbers, or
 2. An agency operating an emergency telephone number `911' system established pursuant to s. 365.171,
to intercept and record incoming wire communications; however, such public utility may intercept and record incoming wire communications on published emergency telephone numbers only. (Emphasis supplied.)
Section 934.03(2)(g)1., F. S., provides one of several categories of exceptions to the general prohibition established in s.934.03(1) that, except as otherwise specifically provided in thatchapter, interception and disclosure of wire or oral communications is a felony offense of the third degree. Penal statutes, generally, are to be strictly construed, Chapman v. Lake, 151 So. 399 (Fla. 1933), and the same is true of statutory exceptions. Farrey v. Bettendorf, 96 So.2d 889 (Fla. 1957), and Coe v. Broward County, 327 So.2d 69 (4 D.C.A. Fla., 1976). It is not the purpose of an exception to enlarge or extend the act of which section it is a part but to define the objects fairly within its terms. Cf. Farrey, supra. Furthermore, the Florida Supreme Court, in construing another section of the Security of Communications Law, Ch. 934, F. S., found that `authorizing interception of wire or oral communications of persons is a statutory exception to the constitutional (federal and state) right to privacy. Therefore, as an exception to a constitutional right it must be strictly construed and narrowly limited in application to the uses delineated by the Florida Legislature.' Inre Grand Jury Investigation, 287 So.2d 43, 47 (Fla. 1973). As stated in s. 934.03(1), the exceptions are limited to those specifically provided in Ch. 934.
The exception created by s. 934.03(2)(g)1., F. S., includes certain, definitely described ambulance services, fire stations, and public utilities, or (the words giving rise to your inquiry) `any other entity with published emergency telephone numbers . . . .' Since the special words are followed by general words, the rule of construction known as ejusdem generis should be applied to determine which entities are to be included in the latter category. Applying this rule, Florida courts have given meaning to the specific words `any other' or `other' when used in the statutes.
 By the rule of ejusdem generis, where general words follow the enumeration of particular classes of persons or things, the general words will be construed as applicable only to persons or things of the same general nature or class as those enumerated. . . .
 The words `other' or `any other' following the enumeration of particular classes are to be read `as other such like,' and include only others of like kind or character. (Emphasis supplied.)
Van Pelt v. Hilliard, 78 So. 693, 697 (Fla. 1918); accord: Shepard v. Thames, 351 So.2d 265 (Fla. 1971); ex parte Amos, 112 So. 289
(Fla. 1927). Using this interpretation in the instant case, the general words `any other entity' could include only another entity similar in kind or character to the statutorily described ambulance service, fire station, or public utility (namely, telephone, telegraph, electricity, and gas utilities with published emergency telephone numbers). From an examination of the named classes and their statutory definitions incorporated by reference in s. 934.03(2)(g)1., I am compelled to conclude that a municipal police department, being a law enforcement agency, is not of a similar character, class, or kind to any of them and, therefore, is not included in the phrase `any other entity' which follows the enumeration of those classes in s. 934.03(2)(g)1.
Reinforcing this conclusion is an additional principle of statutory construction known as expressio unius est exclusioalterius, the enumeration of specific items implies the exclusion of others not mentioned. Thayer v. State, 335 So.2d 815 (Fla. 1976). This rule applies with special force to the enumeration of exceptions to a general category which gives rise to a strong inference that no other exceptions were intended. Biddle v. State Beverage Department, 187 So.2d 65 (4 D.C.A. Fla., 1966), and Williams v. American Surety Company of New York, 99 So.2d 877 (2 D.C.A. Fla., 1958); cf. Farrey, supra, and Coe, supra. Since interception and use of wire or oral communications is specifically authorized and provided for law enforcement agencies and officers in ss. 934.03(2)(c) and 934.07, et seq., F. S., and, since law enforcement agencies were not named in the exception provided in s. 934.03(2)(g)1., they are impliedly excluded from the interception and recordation of incoming wire communications authorized in subparagraph (2)(g)1. of s. 934.03.
Please note, however, that s. 934.03(2)(g)2., F. S., makes it lawful for an employee of an agency operating an emergency telephone number `911' system established pursuant to s. 365.171, F. S., to intercept and record incoming wire communications. If the Orlando Police Department has established and is operating such a system, employees of the department could intercept and record communications made on the `911' lines but only on those lines.
AS TO QUESTION 2:
In light of the negative answer given to question 1, question 2 requires no answer. However, I would reiterate that interception and recording of incoming wire communications is lawful for the employees of an agency operating an emergency telephone number `911' system established pursuant to s. 365.171, F. S., but only on the lines of the `911' system. Concerning monitoring or recording conversations on police department telephone lines other than the `911' system, see AGO 076-195, also requested by your predecessor, which advised that `blanket monitoring' should not be attempted on any lines or in any circumstances other than those expressly authorized by statute or by statutory procedures available to law enforcement personnel.
In summary, therefore, I am of the opinion that a municipal police department is not an `other entity' within the purview of s.934.03(2)(g)1., F. S., for the purpose of intercepting and recording incoming wire communications on published emergency telephone numbers.
Prepared by:
Carol Z. Bellamy Assistant Attorney General