Reese Marshall Chairman, Florida Commission on Human Relations Tallahassee
QUESTIONS:
1. In view of s. 23.167(14), F. S., may a former attorney for the Florida Commission on Human Relations be given information concerning the identity of complainants or respondents on whose case he was involved during employment with the commission in order that he may avoid the appearance of impropriety in future legal representation?
2. In view of s. 23.167(14), if an attorney files a notice of appearance stating that he is representative for a class of employees of a certain respondent in federal court, may the commission reveal to that attorney the names of complainants who have filed with the Florida Commission on Human Relations against that certain respondent, regardless of whether the attorney can specifically allege that he represents named complainants in federal court who also have filed with the commission?
SUMMARY:
All complaints, records, and documents in the custody of the commission which relate to and identify a particular complainant, employer, or other designated respondent must be kept confidential and shall not be disclosed by the commission to any person, except to those parties and in those events expressly specified in s. 23.167(14), F. S.
The Florida Commission on Human Relations, created by s. 23.163(1), F. S., is established `to secure for all individuals within the state freedom from discrimination because of race, color, religion, sex, national origin, age, handicap, or marital status . . . .' Section 23.161(2), F. S. The commission is `comprised of 12 members appointed by the Governor, subject to confirmation by the Senate.' Section 23.163(1). The powers of the commission are set forth in s. 23.166, F. S. Section 23.167(1)-(7), F. S., enumerates the forms and types of discrimination that constitute unlawful employment practices. Section 23.167(10) provides that any person who has been aggrieved by a violation of s. 23.167 may file a complaint with the commission within 180 days of the alleged violation.
Pertinent to your inquiry, s. 23.167(14), F. S., provides:
 All complaints filed with the commission under this part, [part IX of ch. 23, F. S.] and all records and documents in the custody of the commission, which relate to and identify a particular complainant, employer, employment agency, labor organization, or joint labor-management committee shall be confidential and shall not be disclosed by the commission, except to the parties or in the course of a hearing or proceeding under this part. The restriction of this subsection shall not apply to any record or document which is part of the record of any hearing or court proceeding. (Emphasis supplied.)
This subsection clearly requires that all complaints and all records and documents in the custody of the commission which identify a particular complainant, employer, or other respondent must be kept confidential and must not be disclosed by the commission `except to the parties or in the course of a hearing or proceeding' pursuant to part IX of ch. 23, F. S. A further exception to the confidential, nondisclosure requirement of subsection (14) is for `any record or document which is part of the record of any hearing or court proceeding.' The rule of law applicable to this situation is that exceptions to the general terms of a statute should be strictly construed and limited to the objects or persons fairly within the terms of the exceptions. See
Farrey v. Bettendorf, 96 So.2d 889 (Fla. 1957); Coe v. Broward County, 327 So.2d 69 (4 D.C.A. Fla., 1976); and Williams v. American Surety Company of New York, 99 So.2d 877 (2 D.C.A. Fla., 1958). Further, any statutory exception to a general prohibition is normally construed strictly against one attempting to take advantage of the exception, and, unless the right to the exception is clearly apparent in the statute, no benefits thereunder, or, as in the instant question, no disclosure, should be permitted. See
State v. Nourse, 340 So.2d 966 (3 D.C.A. Fla., 1976). Moreover, if there is a reasonable doubt, as there clearly is in the instant case, as to the lawful existence of a particular power, such power should not be exercised. See Edgerton v. International Co.,89 So.2d 488 (Fla. 1956), and State ex rel. Greenberg v. Florida State Board of Dentistry, 297 So.2d 628 (1 D.C.A. Fla., 1974). Therefore, unless an attorney represents a particular complainant or a particular employer or other respondent who is a party to a proceeding before the commission, or the information is disclosed during the course of a hearing or proceeding pursuant to part IX of ch. 23, it is my opinion that the commission should not disclose any information contained in any complaints, records, or documents in the custody of the commission which relate to and identify a particular complainant, employer, or order designated respondent. And, for course, as subsection (14) provides, this restriction does not apply to any record or document that is part of the record of any hearing or court proceeding.
Also, any such complaint, record, or document which relates to or identifies a particular complainant, employer, or other designated respondent is not subject to inspection and examination by any person under the Florida Public Records Law, ch. 119, F. S. Section 119.07(3)(a) provides that `[a]ll public records which arepresently provided by law to be confidential or which are prohibited from being inspected by the public, whether by general or special law, shall be exempt from the provisions of subsection (1) [of s. 119.07].' (Emphasis supplied.) Section 23.167(14), F. S., clearly requires that all records or documents which identify a particular complainant `shall be confidential and shall not be disclosed by the commission,' (Emphasis supplied.) except as specifically provided for therein.
The above rules of law and reasoning apply with equal force and effect to your second question. Therefore, the Florida Commission on Human Relations should not reveal the name of any complainant who is the employee of a certain respondent even if the attorney seeking the name states he is representative for a class of employees of that respondent in federal court. The only exceptions to s. 23.167(14), F. S., are those specifically provided therein and discussed in this opinion.
Prepared by: Craig B. Willis, Assistant Attorney General