Edmond M. Fortune Chairman, Santa Rosa County Industrial Development Authority Milton
QUESTIONS:
1. Should the media be notified of all meetings of the Santa Rosa County Industrial Development Authority and, if so, can those portions of the meetings dealing with specific clients be closed?
2. Does the media have access to all files and records of the authority, and, if so, can confidential client files be maintained?
SUMMARY:
A county industrial development authority created under part III of ch. 159, F. S., is given no statutory authority to close any of its meetings, regardless of the nature of matters discussed, and possesses no discretion to close any of its meetings. An authority is required to notify the public of its meetings at such time and in such a manner as will enable interested members of the press and the general public to attend. The media and members of the public have full access to the authority's records pursuant to s.119.07(1), F. S., except for those records or portions of records clearly falling within the exception to s. 119.07(1) set forth in s. 288.075(2), F. S., but then only to the extent, and only under the conditions and time limitation, specified in s. 288.075(2).
The Florida Supreme Court has repeatedly emphasized that it is for the Legislature to consider matters of policy and to enact exceptions to the Sunshine Law and the Public Records Law based on such policy. See, e.g., Board of Public Instruction of Broward County v. Doran, 224 So.2d 693 (Fla. 1969); City of Miami Beach v. Berns, 245 So.2d 38 (Fla. 1971); and Wait v. Florida Power Light Co., 372 So.2d 420 (Fla. 1979). With respect to county industrial development authorities, the Legislature has provided such a statutory exception to the public records disclosure requirements in s. 119.07(1), F. S. (but not to the open meeting requirements in s. 286.011, F. S.). Section 288.075(2), F. S., provides the following regarding records of an `economic development agency' (which, by the definition in s. 288.075(1), includes `any industrial development authority created in accordance with part III of chapter 159'):
 Upon written request from a private corporation, partnership, or person, information, records, reports, data, and documents of an economic development agency which contain or would provide information concerning plans, intentions, or interests of such private corporation, partnership, or person to locate, relocate, or expand any of its manufacturing or other business activities in Florida shall be privileged and confidential and shall not be published or open to public inspection and shall be exempt from the provisions of s. 119.07(1). This privilege and confidentially shall only apply for a period not to exceed 24 months from the date an initial inquiry is received by the economic development agency, except upon petition by any party to a court of competent jurisdiction and upon determination by said court that the petitioner has proven, in the opinion of the court, need for access to such documents. [Section 288.075(2), F. S.]
This limited exception to the otherwise applicable disclosure requirements of s. 119.07(1) fails to mention s. 286.011 in any respect. It is fundamental under rules of statutory construction that the express inclusion of one thing in a statute implies the exclusion of other such things which are not expressly mentioned. Thayer v. State, 335 So.2d 815 (Fla. 1976), and Dobbs v. Sea Isle Hotel, 56 So.2d 341 (Fla. 1952). It is also fundamental that exceptions and provisos in statutes are to be strictly (narrowly) construed, Farrey v. Bettendorf, 96 So.2d 889 (Fla. 1957), and Coe v. Broward County, 327 So.2d 69 (4 D.C.A. Fla., 1976), and that, when a statute contains specific exceptions or exclusions, no others should be inferred, Williams v. American Surety Company of New York, 99 So.2d 877 (2 D.C.A. Fla., 1958). In addition to the implication which must be drawn from the Legislature's omission from s. 288.075(2) of any reference to s. 286.011, there must be noted the express legislative directive in s. 288.075(3) that `[n]othing herein [in s. 288.075] shall be construed to waive any provision of chapter 120 or any other provision of law requiring a public hearing.' Therefore, I am of the opinion that the exception in s. 288.075(2) applies only to an industrial development authority's `information, records, reports, data and documents' and in no way affects or constitutes an exception to the open meeting requirements in s. 286.011. Accordingly, the authority has no discretion to close any of its meetings, irrespective of the matters to be discussed, until such time as the Legislature provides a statutory exception to s. 286.011 regarding meetings of an industrial development authority. To this date, the Florida Supreme Court has not recognized any exception to s. 286.011 for meetings at which privileged or confidential matters are discussed. See Board of Public Instruction of Broward County v. Doran, 224 So.2d 693 (Fla. 1969), and City of Miami Beach v. Berns, 245 So.2d 38 (Fla. 1971). See also Town of Palm Beach v. Gradison, 296 So.2d 473, 477 (Fla. 1974), wherein the court stated that `[t]he principle to be followed is very simple: When in doubt, the members of any board, agency, authority or commission should follow the open-meeting policy of the state.' Cf. Marston v. Gainesville Sun Publishing Co., 341 So.2d 783 (1 D.C.A. Fla., 1976), cert. denied, 352 So.2d 171 (Fla. 1977).
As to notice of meetings of the authority, I can only reiterate what has been stated in previous opinions of this office in regard to notice of public meetings. While s. 286.011, F. S., does not expressly require notice to be given, it has been determined that `reasonable' notice is an implicit and inherent requirement under that section. However, the precise type of notice required is variable and must be determined in the context of a particular situation. See AGO's 074-273, 073-170, 072-400, and 071-346, and Hough v. Stembridge, 278 So.2d 288, 291 (3 D.C.A. Fla., 1973), wherein the court stated that `[a]lthough F. S. s. 286.011, F.S.A. does not specifically mention such a requirement, as a practical matter in order for a public meeting to be in essence `public', we hold reasonable notice thereof to be mandatory.' Although it is difficult to lay down guidelines to be used in every instance, it is certainly advisable to give notice at such time and in such a manner as will enable the press and other interested members of the public to attend any meeting of the authority.
Your second question regarding the records of the authority is answered by s. 288.075(2), supra. However, I must emphasize that exceptions to the Public Records Law (and to its companion, the Sunshine Law, to which analogy may be freely made) are to be narrowly construed (as is the case with exceptions and provisos to statutes in general). And, when doubt exists as to whether a particular document is exempted from the disclosure requirements of s. 119.07(1), F. S., such doubt should be resolved in favor of disclosure, in keeping with this state's clear and well-established policy of open government. See AGO 079-75, emphasizing the resolution of doubt in favor of disclosure. Also, s. 288.075(2) excepts only those records containing the statutorily specified information about prospective businesses or business activities, and then only upon written request from the affected business entity or persons and for not more than 24 months `from the date an initial inquiry is received.' Any public records of the authority otherwise subject to disclosure pursuant to s. 119.07(1) must be disclosed, including nonexempt portions of records which are partially subject to the exemption in s.288.075(2). The burden is on the authority, in complying with a written request pursuant to s. 288.075(2), to carefully and in good faith distinguish between those documents clearly covered by the exemption and those not covered.
Therefore, in answer to your specific question, the media and members of the public have access to the files and records of the authority pursuant to s. 119.07(1), F. S., except for those records or portions of records clearly falling within the exception to s. 119.07(1) set forth in s. 288.075(2), F. S. Only those documents or portions thereof covered by the exception in s.288.075(2) are confidential. Regardless of any policy considerations which might be deemed to justify nondisclosure of authority records, it is only by virtue of s. 288.075(2), or some other statutory exception, that the requirements of s. 119.07(1) may be avoided. Only the Legislature, and not any particular agency subject to the law, has the constitutional authority to create exceptions to s. 119.07(1), based on policy considerations.
Prepared by: Jerald S. Price, Assistant Attorney General