ADKINS, Justice.
We have for review a decision by the District Court of Appeal, First District, (Housing by Vogue, Inc., et al. v. State of Florida, Department of Revenue, 403 So.2d 478 (Fla. 1st DCA 1981)), which expressly and directly conflicts with a decision of this Court (Demeter Land Co. v. Florida Public Service Company, 99 Fla. 954, 128 So. 402 (1930)). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Petitioners, Housing by Vogue, Inc., and Mobile Home Industries, Inc., contracted to provide the Florida Department'of Education with relocatable classroom buildings capable of being moved from site to site without damage to the structure. The units were assembled at petitioners’ Lake City, Florida, factory and towed to Leon County, Florida, for use there. Petitioners paid no sales tax on the materials used in constructing the units.
Respondent, Florida Department of Revenue, issued a notice of proposed tax assessment on the purchase of the materials used. Respondent contended that the purchases were not exempt from the state sales tax because the materials “went into or became a part of” a public work. See section 212.-08(6), Florida Statutes (1977). Petitioners contested the proposed assessment and an administrative hearing was held pursuant to § 120.57(1), Florida Statutes (1977). At the conclusion of the hearing, the presiding officer issued an order recommending that petitioners be required to pay the disputed tax, a 25% penalty and interest thereon. The Governor and cabinet of Florida, acting as head of the Department of Revenue, approved the recommended order.
On appeal, the first district court affirmed the order, holding that under § 212.-08(6), the purchases in question were not *4 exempt from taxation. Petition for review by this Court followed.
Chapter 212, Florida Statutes (1977), establishes a sales tax which is to be levied on the sale of tangible personal property in this state. Section 212.08(6), Florida Statutes, with certain exceptions, exempts from that tax sales to the United States Government, the State of Florida, or any political subdivision of the state. The part of section 212.08(6) with which we are here concerned provides as follows:
There shall also be exempt from the tax imposed by this chapter sales made to the United States Government, the state, or any county, municipality or political subdivision of this state; provided this exemption shall not include sales of tangible personal property made to contractors employed either directly or as agents of any such government or political subdivision thereof when such tangible personal property goes into or becomes a part of public works owned by such government or political subdivision thereof. .. .
(Emphasis added.)
Both respondent and the district court found that the materials purchased by petitioner for the fabrication, transportation, and installation of the portable classroom units were tangible personal property which went into or became part of public works owned by the state. As such, the sales were not included in the general exemption granted in section 212.08(6) and were taxable transactions, concluded the district court. If the classroom units sold to the state by petitioners were “public works” as that phrase is used in section 212.08(6), then the district court was correct in affirming respondent’s order and the tax assessment was proper.
Petitioners contend that the term public works applies only to improvements to, alteration of, or construction of real property. Personal property, they argue, cannot be a public work.
Petitioners cite various authorities in distinguishing the portable classroom units from public works. Public works, they point out, are “fixed works constructed for public use, as railways, docks, canals, water works, roads, etc.”, Demeter Land Company v. Florida Public Service Company, 99 Fla. 954, 963, 128 So. 402, 406 (1930) (citation omitted), and “are meant to embrace contracts akin to building contracts.” Carter v. City and County of Denver, 114 Colo. 33, 37,160 P.2d 991, 992 (1945). The classrooms here in question, on the other hand, are tangible personal property of the same class as automobiles, trucks, typewriters, and the like, claim petitioners. We disagree.
Public works have traditionally been defined as fixed works such as railways, docks, and the like, constructed for public use. See Demeter Land Company v. Florida Public Service Company. The Demeter opinion, however, did not hold that all public works must be fixed; it held that all fixed works constructed for public use are public works. We acknowledge that the effect of our ruling in this case is a broadening of the Demeter interpretation of public works.
Several factors convince us that our broadening of the definition is warranted and that the classrooms which petitioners built should and do qualify as public works. First, the units were built pursuant to chapter 235, Florida Statutes (Supp.1974), the “Educational Facilities Construction Act.” As noted in the district court’s opinion, the project was bid, administered, and bonded in the same manner as a fixed building or project.
Also as noted by the district court, the classroom units are similar in many ways to realty despite their characterization as personality. They are a type of building and are used in the same manner as a fixed schoolroom structure. Although mobile, once in place they are anchored to the ground and operate as any permanent structure would.
The general definition of public works contained in American Jurisprudence, *5 Second Edition, also indicates that the units qualify as such:
[T]he determination of what are public works is often a question of statutory construction and interpretation. The question whether a work is a public work is not to be determined by the mode of payment or by the instruments used in attaining it, but rather by the objects to be accomplished.
Such buildings, structures, and other works which by statute are authorized to be constructed for public purposes by the state or public agencies therein are generally to be regarded as public works.
64 Am.Jur.2d, Public Works and Contracts, § 1 (footnotes omitted). The portable classrooms seem to fit in the category of structures or other works authorized by statute for public purposes.
None of the foregoing, alone, provide an adequate basis for classifying the portable classrooms as public works. Neither the fixed-building, construction-type nature of the project nor the similarity to realty nor the fact that it was a work authorized by statute for public purposes warrant finding these units to be public works. Cumulatively, however, they do. Consideration of all of the factors, of the sum of the individual facets, convinces us that the district court’s ruling was proper and that it should not be disturbed. In light thereof, the decision appealed from is approved.
It is so ordered.
ALDERMAN, C.J., and BOYD, OVER-TON and McDONALD, JJ., concur.