MODERN TRANSIT-MIX, INC v MICHIGAN BELL TELEPHONE
COMPANY

Docket No. 66279. Submitted August 17, 1983, at Grand Rapids.—
Decided November 7, 1983.

Michigan Bell Telephone Company contracted with the City of
Battle Creek and the Village of Bellevue to allow Bell to lay
telephone cables under the sidewalks of Battle Creek and
Bellevue. In return, Bell agreed to repair and replace the
sidewalks to the specifications of the city and village. Modern
Transit-Mix, Inc., furnished cement products to Bell's subcon-
tractors, who were performing the agreement to replace the
sidewalks. Modern Transit-Mix, Inc., filed suit against Bell in
Calhoun Circuit Court alleging that Bell was liable for the
damage it suffered when the subcontractors failed to make
payment for the cement products because Bell had wrongfully
failed to file the payment bond required by statute of principal
contractors performing construction, alteration or repair of any
public building or public work. Bell moved for summary judg-
ment. The court, Stanley Everett, J., granted the motion.
Plaintiff appealed. *Held:*

The language of the statute, covering construction, alteration
or repair, does not encompass the instant contract. This was
not a contract for repairs, but a contract to lay telephone cable
which included a provision for repairs. The statute was in-
tended to cover only situations where the governmental unit
hired a private contractor to perform construction work on
governmental property.

Affirmed.

CONTRACTS — PUBLIC UTILITIES — EASEMENTS — REPAIR WORK —
PERFORMANCE BONDS — PAYMENT BONDS.

The statute which requires principal contractors performing con-
struction, alteration or repair of any public building or public
work to furnish a performance bond and a payment bond
applies only to situations where the governmental unit in-
volved hired the contractor to perform construction work on

REFERENCE FOR POINTS IN HEADNOTE
64 Am Jur 2d, Public Utilities § 14.

governmental property; it does not apply where a public utility seeks to enforce an easement and agrees to repair damage done to the governmental property (MCL 129.201; MSA 5.2321[1]).

*Holmes, Harter, Mumford, Schubel, Norlander & Macfarlane* (by *James D. Norlander*), for plaintiff.

*Ford, Kriekard, Staton, Lundquist & Allen, P.C.* (by *Arthur Staton, Jr.*), for defendant.

Before: DANHOF, C.J., and MACKENZIE and M. E. DODGE,* JJ.

DANHOF, C.J. Defendant, Michigan Bell Telephone Company, contracted with the City of Battle Creek and the Village of Bellevue to allow defendant to lay telephone cables under the sidewalks of the city and village. In return, defendant agreed to repair and replace the sidewalks to the specifications of those governmental units. Plaintiff, Modern Transit-Mix, Inc., furnished cement products to defendant's subcontractors, who were performing the agreement to replace the sidewalks. Plaintiff alleged in its complaint that defendant was liable for the damage suffered by plaintiff when the subcontractors failed to make payment for the cement products. Plaintiff alleged that defendant was responsible because defendant had wrongfully failed to file the payment bond required by MCL 129.201; MSA 5.2321(1). Defendant's motion for summary judgment under GCR 1963, 117.2, subds (1) and (3) was granted by the trial court.

The issue of whether MCL 129.201; MSA 5.2321(1) applies to contracts such as those entered into by defendant with the City of Battle Creek

* Circuit judge, sitting on the Court of Appeals by assignment.

and the Village of Bellevue is one of first impression. The statute provides:

"Before any contract, exceeding $50,000.00 for the construction, alteration or repair of any public building or public work or improvement of the state or a county, city, village, township, school district, public educational institution, other political subdivision, public authority or public agency hereinafter referred to as the 'governmental unit', is awarded, the proposed contractor, hereinafter referred to as the 'principal contractor', shall furnish at his own cost to the governmental unit a performance bond and a payment bond which shall become binding upon the award of the contract to the principal contractor. Neither the invitation for bids, nor any person acting, or purporting to act, on behalf of the governmental unit shall require that the bonds be furnished by a particular bank or surety company, or through a particular agent or broker, or through a bank, company, agent or broker in any particular locality." MCL 129.201; MSA 5.2321(1).

Only if defendant's contract was one "for the construction, alteration or repair of any public building or public work or improvement", does the statute apply. We do not find defendant's agreement to replace city and village sidewalks after removing them to install telephone cables to be within the language or intent of the statute.

The language of the statute, covering "construction, alteration or repair", does not encompass the instant contract. While defendant's contract included the repair of sidewalks in the involved city and village, that item was included solely because defendant sought permission to damage the existing sidewalks. This was not a contract for repairs, but a contract to lay telephone cable which included a provision for repairs. The contract was not initiated by the City of Battle Creek or the Village of Bellevue to have faulty sidewalks re-

paired. We believe that the statute was intended to cover only situations where the governmental unit hired a private contractor to perform construction work on governmental property. Instances such as the present, where a public utility seeks to enforce an easement and agrees to repair damage done to the governmental property, are distinguishable.

Affirmed.