690 So.2d 709 (1997)
FLORIDA DEPARTMENT OF REVENUE, Appellant,
v.
JAMES B. PIRTLE CONSTRUCTION COMPANY, INC., Appellee.
No. 96-1487.
District Court of Appeal of Florida, Fourth District.
April 2, 1997.
*710 Robert A. Butterworth, Attorney General, Tallahassee, and Jarrell L. Murchison and Jeffrey M. Dikman, Assistant Attorneys General, Tallahassee, for appellant.
Joseph C. Moffa, Fort Lauderdale, and Brett Panter of Panter & Panter, P.A., Miami, for appellee.
BARR, ROBBIE M., Associate Judge.
Taxpayer Pirtle applied to the Department of Revenue for a refund of intangible taxes paid on accounts receivable generated by construction contracts with the Broward County School Board. The Department denied the claim, and Pirtle sued for relief. On cross-motions for summary judgment, the trial court held Pirtle's receivables exempt from intangible tax under section 199.185(1)(d), Florida Statutes (1991). Our interpretation of that statute compels us to reverse.
The critical facts determined by the trial court follow. Pirtle, a general contractor, successfully obtained various construction contracts with the school board for the tax periods between 1988 and 1991. Typically, the school board votes upon and approves a construction contract before it is executed. The typical contract specifically provides for monthly progress payments after school board representatives give written approval of the work performed and the amounts to be paid for that work. During the tax periods, the claimed exempt intangibles were reported on Pirtle's books and records as accounts receivable.
Pirtle applied to the Department for a refund of $17,171.00, reasoning somewhat creatively that its accounts receivable were exempt under section 199.185(1)(d). The Department, not so creatively, declined to pay. Pirtle sought relief in the circuit court, which ruled in Pirtle's favor.

A. The Statutory Scheme Taxes Intangible Property Unless Exempt.
Under Florida's statutory taxing scheme, everyone owning, controlling, or managing intangible personal property located in this state is responsible for filing an annual tax return and paying the tax due. § 199.052(1), (13), Fla.Stat. (1991). In section 199.023(1), the Legislature defined "intangible personal property" to include "[a]ll notes, bonds, and other obligations for the payment of money." § 199.023(1), Fla.Stat. (1991).
*711 The taxing structure further provides that all intangible personal property is subject to taxation unless it is expressly exempt. Capital City Country Club v. Tucker, 613 So.2d 448, 452 (Fla.1993). Pirtle does not assert that accounts receivable are not taxable under section 199.023(1).[1] Rather, Pirtle relies on section 199.185(1)(d), which provides:
(1) The following intangible personal property shall be exempt from the annual and nonrecurring taxes imposed by this chapter:
. . .
(d) Notes, bonds, and other obligations issued by the State of Florida ... and other taxing districts....
§ 199.185(1)(d)(emphasis supplied). Pirtle asserts that its accounts receivable are exempt because they are "other obligations issued" by county school boards, which are taxing districts.

B. Statutory Construction and Case Authorities Support Taxation, Not Exemption, Here.
The Department argues that the trial court erroneously interpreted section 199.185, asserting that its plain language indicates a legislative intent to exempt only obligations issued by the government, not obligations otherwise owed by the government. Pirtle, on the other hand, argues that its accounts receivable are "other obligations issued" by the taxing district.
Resolution of this issue, which appears to be one of first impression, requires construction of the words "other obligations issued." The primary consideration in the construction and interpretation of tax statutes is to ascertain and give effect to legislative intent, determined primarily from the language of the statute. Miele v. Prudential-Bache Secs., 656 So.2d 470 (Fla.1995); see Coe v. Broward County, 327 So.2d 69 (Fla. 4th DCA), aff'd, 341 So.2d 762 (Fla. 1976). Extrinsic evidence should not be consulted to clarify or construe a tax statute couched in clear and unambiguous language; however, where doubtful or ambiguous language appears in a statute allowing for an exemption from taxation, the statute should be strictly construed against the taxpayer. E.g., State ex rel. Wedgworth Farms, Inc. v. Thompson, 101 So.2d 381 (Fla.1958); St. Joe Paper Co. v. Department of Revenue, 460 So.2d 399 (Fla. 1st DCA 1984), rev. denied, 467 So.2d 999 (Fla.1985).
In analyzing whether "other obligations issued" might include sums due under a government contract, we turn to the doctrine of ejusdem generis, a familiar tenet of statutory construction that helps discern legislative intent. See Thompson, 101 So.2d at 385. Under this doctrine, where the enumeration of specific things is followed by a more general word or phrase, the general phrase is construed to refer to a thing of the same nature as the preceding specific things. Hanna v. Sunrise Recreation, Inc., 94 So.2d 597 (Fla.1957); see State ex rel. Winton v. Town of Davie, 127 So.2d 671 (Fla.1961).
In deMarigny v. deMarigny, 43 So.2d 442 (Fla.1949) (en banc), Florida's Supreme Court used the doctrine of ejusdem generis to interpret a statute, stating:
The only language of the statute upon which the appellant-petitioner could possibly bottom her bill for a declaratory decree would be the words "or other article, memorandum or instrument in writing." It is noted that such language is immediately preceded by the verbiage "by a municipal ordinance, contract, deed, will, franchise." A proper syntactical interpretation of the working of this statute requires the invocation of the principle of ejusdem generis.
Id. at 444. Similarly, here, because the general language "and other obligations" follows the specific enumeration of "note" and "bond," the principle of ejusdem generis enables this Court to interpret properly the syntax of section 199.185. Id.; cf. City of Panama City v. State, 60 So.2d 658 (Fla. 1952) (resort to doctrine not required where *712 statutory language is clear). In this case, the Legislature could not have intended "other obligations issued" by the government to include accounts receivable arising from a government contract because those accounts receivable are not of the same nature as notes and bonds.
As the Department correctly argues, when the government issues notes or bonds, the government's full credit and faith is pledged for payment at some later date. No such pledge is made when the construction contract is executed or when the work is approved for payment. Also, unlike the case with notes and bonds, the government's commitment to pay a contractual debt is not absolute. Disputes arising between the school board and Pirtle concerning Pirtle's performance under the construction contract could vitiate the school board's payment obligation. Indeed, from the inception of the construction contract, Pirtle assumes a risk of nonpayment ifdue to any number of contractual disputes that could arisethe contract is later found to be legally unenforceable. No such contingency is contemplated when notes and bonds are issued.[2]
Further support for this analysis appears in Smith v. Davis, 323 U.S. 111, 65 S.Ct. 157, 89 L.Ed. 107 (1944), where the United States Supreme Court confronted similar statutory language. In that case, "all stocks, bonds, Treasury notes, and other obligations of the United States" were statutorily exempt from state taxation. Id. at 116, 65 S.Ct. at 160. Applying the doctrine of ejusdem generis, the Supreme Court held, "[I]t is reasonable to construe the general words `other obligations,' which allegedly cover open accounts [or, accounts receivable], as referring only to obligations or securities of the same type as those specifically enumerated [i.e., stocks, bonds, and Treasury notes]." Id. at 117, 65 S.Ct. at 160. In so holding, the Supreme Court opined, "Tax exemptions being the exception rather than the rule, much clearer language evidencing an intent to immunize open accounts claims ... is necessary under these circumstances." Id. The federal statute clearly demonstrates the legislative intent to limit exemptions only to government obligations that are needed to secure credit to carry on the necessary functions of government. The language here is nearly identical, and the result should be identical as well.
Reversed and remanded with instructions to enter summary judgment in favor of the Department.
WARNER and KLEIN, JJ., concur.
NOTES
[1] Pursuant to its rulemaking authority, the Department, in 1972, promulgated former rule 12C-2.02(4)(a) (now rule 12C-2.002(1), Fla.Admin.Code), providing that "accounts receivable" are included as taxable property. Rule 12C-2.002(1)(a) of the Florida Administrative Code defines accounts receivable as "a debt which is owed by another which is not supported by a negotiable paper."
[2] We note that contracts are not generally described as being "issued," but rather as "executed" or "approved."