717 So.2d 557 (1998)
Juanita BROWN, Appellant,
v.
SAINT CITY CHURCH OF GOD OF THE APOSTOLIC FAITH, INC. Appellee.
No. 96-3086.
District Court of Appeal of Florida, Third District.
July 15, 1998.
Rehearing Denied September 23, 1998.
*558 Arthur J. Morburger, Miami, for appellant.
Marlow, Connell, Valerius, Abrams, Adler & Newman and William G. Edwards and William G. Liston, Miami, for appellee.
Before NESBITT, GREEN and FLETCHER, JJ.
GREEN, Judge.
Juanita Brown sued the Saint City Church of God of the Apostolic Faith, Inc. ("Church") for personal injuries sustained as a result of her falling on loose rock or gravel which she claims was negligently deposited and maintained by the Church on a public right of way. Specifically, Brown alleged in her complaint that on the date of the accident, she had gone to the Church to purchase food from a take-out barbecue restaurant operated by the Church on its premises. The Church and restaurant were located adjacent to a publicly owned swale area where the Church had deposited loose gravel for its patrons to park. Brown had parked her car in this area and purchased her food, but before she reached her car door, she fell. She claims that the loose gravel deposited by the Church in this area caused her legs to slip away from under her.
At the trial of this cause, Brown sought to introduce evidence and jury instructions that the Church's deposit of this loose gravel in the publicly owned swale area violated certain Dade County penal ordinances and as such, was evidence of the Church's negligence. The trial court excluded this evidence and Brown's proposed jury instructions, reasoning that they were inapplicable and irrelevant to the issues before the jury. The jury returned its verdict in favor of the Church.
On this appeal, Brown solely assigns as error, the court's exclusion of evidence as to the Church's purported violation of certain county ordinances[1], to wit, Dade County *559 Code Sections 21-30(2) and 2-103.1, as well as the court's exclusion of her proposed jury instructions regarding these ordinances. We conclude that the trial court properly excluded the evidence and proposed jury instructions on these ordinances and affirm the final judgment entered pursuant to the jury verdict.

Section 21-30(2)
Brown sought to introduce evidence that the Church had violated Section 21-30(2) of the Dade County Code as well as a jury instruction to the effect that a violation of this ordinance was evidence of negligence. Section 21-30(2) provides that "[n]o person in the county shall ... throw or deposit or permit to be deposited or scattered upon any sidewalk, alley, street, bridge or public passageway, or upon any public or private property any waste or other material of any kind." Dade County, Fl.Code § 21-30(2)(1992)(emphasis added). Brown argues that the phrase "or other material of any kind" encompasses the gravel deposited on the swale area by the Church. Although the ordinance does not expressly define or explain what "or other material of any kind" encompasses, Brown maintains that it literally means any material whatsoever. The Church counters, however, that this phrase must be construed to mean waste-like material of any kind. Any other construction of this phrase, maintains the Church, would lead to an absurd or unreasonable result. We agree with the Church.
Our basic function in construing any statute, of course, is to ascertain and give effect to the legislative intent. See State v. Iacovone, 660 So.2d 1371, 1373 (Fla.1995); Florida State Racing Comm'n v. McLaughlin, 102 So.2d 574, 575 (Fla.1958). Certain rules of statutory construction have evolved to guide us in our performance of this function and these rules apply with equal force and effect to the construction of local ordinances. See Rinker Materials Corp. v. City of North Miami, 286 So.2d 552, 553 (Fla. 1973); Halifax Area Council on Alcoholism v. City of Daytona Beach, 385 So.2d 184, 187 (Fla. 5th DCA 1980); 12 Fla. Jur.2d Counties, Etc. § 198 (1959). We find one such maxim of statutory construction, ejusdem generis, to be particularly applicable to our interpretation of the phrase "or other material of any kind." Under this doctrine, where an enumeration of specific things (i.e.waste) is followed by some more general word or phrase (i.e. "or other material of any kind"), the general phrase will usually be construed to refer to things of the same kind or species as those specifically enumerated. See Green v. State, 604 So.2d 471, 472 (Fla.1992); State v. Cohen, 696 So.2d 435, 438 (Fla. 4th DCA 1997); Florida Dep't. of Rev. v. James B. Pirtle Constr. Co. Inc., 690 So.2d 709, 711 (Fla. 4th DCA 1997); Houck v. State, 634 So.2d 180, 182 (Fla. 5th DCA 1994); Halifax Area Council, 385 So.2d at 187. The only recognized exception to this doctrine provides that where a statutory list is exhaustive of members of the class in question, then general terminology following that list should not be considered limited solely to members of the same class. See Florida Police Benev. Ass'n, Inc. v. Department of Agric. & Consumer Servs., 574 So.2d 120, 121-22 (Fla. 1991) ("This is a result required by the common sense rule that all words in a statute should be construed so as to give them some effect, not so as to render them meaningless surplusage").
Brown argues that the exception to the doctrine is applicable to our construction of section 21-30(2) such that the phrase "or other material of any kind" encompasses any material or matter such as the loose gravel or rock. We disagree. First of all, on its face, section 21-30(2) appears to be an anti littering ordinance. We do not believe that a fair reading of this ordinance evinces an intent for the word "waste" to be completely exhaustive and mutually exclusive of the phrase "or other material of any kind".
*560 Thus, construing the ordinance under the general proviso of ejusdem generis, we conclude that this phrase must be construed to mean "or any other waste-like or litter-like material of any kind", which obviously would not include loose gravel or rocks. We believe that our construction fully comports with the obvious intent of this ordinance.
Another fundamental tenet of statutory construction dictates that we not give a literal interpretation to the language of a statute when to do so would lead to an unreasonable or ridiculous conclusion. See Iacovone, 660 So.2d at 1372-73; Holly v. Auld, 450 So.2d 217, 219 (Fla.1984); State v. Webb, 398 So.2d 820, 824 (Fla.1981); Fletcher v. Fletcher, 573 So.2d 941, 943 (Fla. 1st DCA 1991); Winemiller v. Feddish, 568 So.2d 483, 484 (Fla. 4th DCA 1990). Were we to construe the phrase "or other material of any kind" in its literal sense and independent of the word "waste" as urged by Brown, this ordinance would penalize for example, the mere deposit of water or fertilizer on existing shrubbery on any public or private property. The penalization of such activities would by all accounts surely be absurd and we can discern no intent to prohibit such activities from a reading of this ordinance.
Thus, because we construe section 21-30 as an anti-littering statute which seeks to proscribe only the throwing or depositing of waste or waste-like materials on public or private property and because we do not believe that such material encompasses the placement of loose gravel or rock on a publicly owned swale area, we conclude that the trial court's exclusion of this ordinance and Brown's proposed jury instruction thereon was not error.

Section 2-103.1
A second ordinance upon which Brown sought to introduce evidence and a requested jury instruction upon was section 2-103.1. This ordinance prohibits, inter alia, the construction of utilities or public works on rights-of-way of roads and streets maintained by the county without a permit issued from the Public Works Department.[2] Brown maintains that this ordinance was promulgated for the protection and safety of persons travelling on these rights of way and that the Church's placement of the loose gravel on the swale area as a parking area constituted the construction of a public work for which a permit was required, but not obtained. We cannot agree that the graveled parking area constituted a public work as contemplated by the ordinance.
In Housing by Vogue, Inc. v. Department of Revenue, 422 So.2d 3 (Fla.1982), the supreme court, citing to American Jurisprudence, Second Edition, provided a working definition of public works:

[T]he determination of what are public works is often a question of statutory construction and interpretation. The question whether a work is a public work is not to be determined by the mode of payment or by the instruments used in attaining it, but rather by the objects to be accomplished.[3]
Id. at 5 (emphasis added). Public works, in the traditional sense, have been viewed as "fixed works, constructed for public use, as railways, docks, canals, water-works, roads, etc." Demeter Land Co. v. Florida Public Serv. Co., 99 Fla. 954, 128 So. 402, 406 (1930) (citation omitted). In Housing, however, the supreme court broadened the definition of *561 public works to include not only fixed works constructed for public uses, but to include mobile personal property (i.e. portable classroom units) where their construction was authorized by statute for public purposes. See 422 So.2d at 4.
Although the graveled parking area in the instant case was located on a publicly owned right of way, it was undisputed that the church constructed and/or maintained this area primarily, if not exclusively, for the private parking use of its restaurant's patrons and not for benefit of the public at large. Hence, we do not believe that the church's placement and maintenance of gravel in this swale area can properly be deemed the construction of a public work as contemplated by section 2-103.1. The trial court, therefore, did not err in refusing Brown's request to introduce evidence of a violation of this ordinance or requested jury instruction.
For these reasons, we accordingly affirm the final judgment under review.
Affirmed.
NOTES
[1] Brown has since commendably conceded on this appeal that evidence and a proposed jury instruction of one such ordinance, namely, Dade County Code Section 2-100(d) was properly excluded by the trial code as it is merely an enabling statute:

The Public Works Department shall perform the following functions:
* * * * * *
(d) Promulgate, establish and enforce minimum standards for public works construction by the publication of a public works manual. The public works manual, which shall be filed the Clerk of the County Commission, shall be the official guide and standards for public works construction in Dade County, Florida. These standards shall be applicable within the unincorporated area and all incorporated areas. Variances from these standards may be granted by the Public Works Department Director where such variance will not nullify the intent and purpose of the standards to provide uniform construction requirements for the protection and safety of the general public.
[2] That section provides:

Construction of public utilities or works in public rights-of-way; construction of paving and drainage on private property-Permit required; effect of installation of County facility; exemption.
It shall be unlawful for any person, corporation, partnership, association or other legal entity to construct utilities or other public works, except mailboxes in road and street right-of-way and easements in the unincorporated area of this County; and in rights-of-way of roads and streets located within municipalities that are maintained by Dade County, without first having obtained a permit from the Public Works Department.
[3] Other jurisdictions have similarly examined the objective or motivation of the construction to determine whether the work may be deemed a "public work". See e.g. Modern Transit-Mix, Inc. v. Michigan Bell Tel. Co., 130 Mich.App. 300, 343 N.W.2d 14, 15 (1983)(notwithstanding apparent public nature of contract whereby a private entity agrees to repair city streets, the motivation for such contract, as well as manner, prevented it from being public works).