Ms. Dorothy K. Burk Police Legal Advisor City of Orlando 100 South Hughey Avenue Orlando, Florida 32801
Dear Ms. Burk:
On behalf of the Orlando Police Department, you ask substantially the following questions:
1. Do the prohibitions in sections 843.081(2) and 316.2397(2), Florida Statutes, apply only to situations where blue lights on a nongovernmentally owned vehicle are activated or do they prohibit the presence of such equipment on the vehicle?
2. Does the exception in section 843.081(3), Florida Statutes, for salespersons, service representatives, and other employees of businesses licensed to sell or repair law enforcement equipment permit an employee of such a business to drive a vehicle equipped with a flashing or rotating blue light for the employee's personal use?
In sum:
1. Section 843.081(2), Florida Statutes, prohibits the presence of blue lights on any nongovernmentally owned vehicle, regardless of whether the blue lights are actually in use.
2. The exception in section 843.081(3), Florida Statutes, for salespersons, service representatives, and other employees of businesses licensed to sell or repair law enforcement equipment would not permit an employee of such a company to drive a vehicle equipped with a flashing or rotating blue light for the employee's personal use.
Question One
Section 316.2397(2), Florida Statutes, expressly prohibits "any vehicle or equipment, except police vehicles, to show or display blue lights." The statute, however, recognizes an exception for vehicles owned, operated, or leased by the Department of Corrections, which "may show or display blue lights when responding to emergencies." The use of the terms "show or display" in the statute appears to contemplate that the lights are activated.[1]
Section 843.081, Florida Statutes, makes it unlawful for "a person to use in or on any nongovernmentally owned vehicle or vessel any flashing or rotating blue light unless such person is a law enforcement officer employed by a federal, state, county, or city law enforcement agency[.]"[2] A limited exception is recognized by section 843.081(3), Florida Statutes, for "salespersons, service representatives, or other employees of businesses licensed to sell or repair law enforcement equipment."
Section 843.081, Florida Statutes, makes it a misdemeanor of the first degree to violate its provisions.[3] The statute was enacted in 1991 after the Legislature found that Florida's citizens were vulnerable to becoming victims of criminal acts through the illegal use of blue lights by criminal elements.[4]
The term "flashing or rotating blue light" is defined for purposes of section 843.081, Florida Statutes, to include "all forms of lights which display a blue light source or which were designed with the intent of displaying a blue light source whether or not such light is actually in use."[5] (e.s.) Thus, the statute prohibits the use of blue lights on nongovernmentally owned vehicles, regardless of whether the lights are actually in use, unless the person is a law enforcement officer employed by a law enforcement agency or falls within the limited exception afforded by section 843.081(3), Florida Statutes.
Accordingly, I am of the opinion that section 843.081(2), Florida Statutes, prohibits the presence of blue lights on nongovernmentally owned vehicles, regardless of whether the blue lights are actually in use.
Question Two
As discussed in the previous question, section 843.081(3), Florida Statutes, prohibits the use of blue lights on nongovernmentally owned vehicles, regardless of whether the lights are actually in use, unless the person is a law enforcement officer employed by a law enforcement agency. The prohibition, however, does not apply to "salespersons, service representatives, or other employees of businesses licensed to sell or repair law enforcement equipment."
The exception afforded by section 843.081(3), Florida Statutes, has not been the subject of interpretation by the appellate courts of this state. It is, however, a general rule of statutory construction that exceptions to statutes are to be strictly construed and limited to their intended purpose.[6]
Subsection (3) of the statute refers to salespersons, service representatives, or other employees of businesses licensed to sell or repair law enforcement equipment. When using vehicles equipped with blue lights in the course of their businesses, i.e., the sale or repair of law enforcement equipment, these individuals would appear to fall within the exception. However, when such an individual uses the vehicle for his or her own personal use, unrelated to the business of selling or repairing law enforcement equipment, the individual is not operating as a salesperson, service representative, or other employee of the business. Thus, the exemption would not, in my opinion, apply.
Accordingly, I am of the opinion that the exception in section843.081(3), Florida Statutes, for salespersons, service representatives, and other employees of businesses licensed to sell or repair law enforcement equipment would not permit an employee of such a business to drive a vehicle equipped with a flashing or rotating blue light for the employee's personal use.
Sincerely,
Robert A Butterworth Attorney General
RAB/tjw
[1] To conclude otherwise would mean that a vehicle equipped with blue lights could not be owned, operated, or leased to the Department of Corrections unless the department was responding to an emergency. See, State v. Webb, 398 So.2d 820 (Fla. 1981) (construction of a statute which would lead to an absurd result should be avoided); Leon County v. State, Department of Community Affairs, 666 So.2d 1003, 1007 (Fla. 1st DCA 1996) (court must avoid a construction leading to an absurd or unreasonable result when the statute, considered as a whole, is fairly subject to another interpretation that will aid in accomplishing the legislative intent).
[2] Section 843.081(2), Fla. Stat.
[3] Section 843.081(5), Fla. Stat.
[4] Section 843.081(1), Fla. Stat. And see, Ch. 91-163, Laws of Florida.
[5] Section 843.081(4), Fla. Stat.
[6] See, Samara Development Corp. v. Marlow, 556 So.2d 1097
(Fla. 1990) (well-recognized rule of statutory construction that exceptions or provisos should be narrowly and strictly construed); Farrey v. Bettendorf, 96 So.2d 889 (Fla. 1957); Coe v. Broward County, 327 So.2d 69 (Fla. 4th DCA 1976), aff'd, 341 So.2d 762
(Fla. 1976).